[No. 2438]

# FRED CROSMAN, APPELLANT, *v.* SOUTHERN PACIFIC COMPANY (A CORPORATION), RESPONDENT.

[194 Pac. 839]   :

1. TRIAL—NONSUIT MAY BE ENTERED WHEN PLAINTIFF FAILS TO PROVE SUFFICIENT CASE FOR JURY.

   Under Civil Practice Act, sec. 295, a judgment of nonsuit may be entered by the court, on motion of defendant, when plaintiff fails to prove a sufficient case.

2. TRIAL—ON MOTION FOR NONSUIT COURT MUST TAKE AS PROVEN ALL FACTS WHICH PLAINTIFF'S EVIDENCE TENDS TO PROVE.

   In considering the granting or refusing of a motion for nonsuit, the court must take as proven every fact which plaintiff's evidence tends to prove, and which was essential to his recovery, and every inference of fact that can be legitimately drawn therefrom; the plaintiff being given the benefit of all presumptions.

3. NEGLIGENCE—QUESTION FOR COURT WHERE REASONABLE MEN CANNOT DIFFER.

   Where the facts showing a want of ordinary care on the part of the plaintiff are clear and undisputed, and reasonable men cannot differ as to the conclusion, the question of contributory negligence is for the court.

4. RAILROADS—TELEGRAPH LINEMAN RUNNING VELOCIPEDE AGAINST TRAFFIC MOVEMENT HELD NEGLIGENT.

   An employee of a telegraph company licensed to use a velocipede on a double-track railroad, who knowingly runs against the current of traffic at night, without lights, is guilty of contributory negligence as a matter of law.

5. RAILROADS—OPERATION OF SWITCH ENGINE BACKWARD WITHOUT LIGHTS HELD NEGLIGENCE AS TO LICENSEE.

   For a railroad company which has licensed telegraph employees to operate velocipede on its tracks to operate a switch engine backward without lights on rear of engine is negligence as a matter of law.

6. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE, IF PROXIMATE CAUSE OF INJURY, BARS RECOVERY.

   Before contributory negligence can bar recovery, it must appear that such negligence was a proximate cause of the injury, although it need not be the sole proximate cause.

7. APPEAL AND ERROR—DETERMINATION ON FORMER APPEAL CONCLUSIVE ON SUBSEQUENT TRIAL.

   A determination on prior appeal that plaintiff's negligence was a proximate cause of the injury is conclusive on retrial, the facts being the same.

8. RAILROADS—DUTY TO LICENSEE STATED.

   Where a railroad company licensed employees of telegraph company to run velocipedes on its tracks, it merely owed such

employees the duty not to wantonly or wilfully injure them or fail to exercise due care to avoid injuries after discovery of danger.

9. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE NO DEFENSE TO WILFUL INJURY.

Contributory negligence is no defense to an action for damages for an injury wilfully or wantonly inflicted.

10. NEGLIGENCE—"WILFUL" AND "WANTON" INJURY DISTINGUISHED.

To constitute "wilful injury" there must be design, purpose, and intent to inflict the injury; while to constitute "wanton negligence" the party doing the act or failing to act must be conscious of his conduct, and, though having no intent to injure, must be conscious from his knowledge of surrounding circumstances and existing conditions that his conduct will naturally or probably result in injury.

11. RAILROADS—OPERATION OF SWITCH ENGINE BACKWARDS, WITHOUT REAR LIGHTS, HELD NOT WILFUL OR WANTON NEGLIGENCE AS TO LICENSEE.

A railroad operating a switch engine backwards without a rear light on a dark night is not liable to a telegraph company's lineman injured when his velocipede collided with the engine, either on the theory of wilful or wanton injury; it appearing that linemen had not before used the velocipedes at night, and that the accident occurred on double tracks where traffic moving in a direction opposite to that of switch engine was on the other track.

12. RAILROADS—OPERATION OF SWITCH ENGINE WITHOUT LIGHTS IN VIOLATION OF STATUTE HELD NOT WILFUL AND WANTON NEGLIGENCE AS TO LICENSEE.

Though the operation of a switch engine backward without rear light was a violation of the headlight law of 1913 (Stats. 1913, c. 32), and so amounted to negligence, it did not constitute wilful and wanton negligence so as to warrant recovery by an employee of a telegraph company who as a mere licensee was riding on the tracks on his velocipede, on a dark night without lights and against the movement of traffic on double tracks.

APPEAL from Second Judicial District Court, Washoe County; *Edward F. Lunsford,* Judge.

Action by Fred Crosman against the Southern Pacific Company. From a judgment granting a nonsuit, the plaintiff appeals. **Affirmed.**

*Sardis Summerfield* and *Dixon & Miller,* for Appellant:

Courts generally are not enamored of the practice of granting judgments of involuntary nonsuit in jury

cases. "The rule has been well established that a case should not be withdrawn from the jury when reasonable men might fairly differ on questions of fact as to whether or not a plaintiff was guilty * * * of contributory negligence." McCafferty v. Flinn, 32 Nev. 273; Burch v. S. P. Co., 32 Nev. 134. Defendant's alleged negligence should have been submitted to the jury. Whitaker v. Railroad, 11 N. Y. S. 914, 126 N. Y. 544.

Appellant was injured by one of respondent's switch locomotives, employed in the backward propulsion of cars, and not at the time displaying any artificial light in the direction the engine was moving, contrary to a penal statute. Stats. 1913, p. 26. Respondent is a creature of the law, is subject to all legal restrictions in its methods of operating its corporate properties, and owes to every man the legal duty of complying with the requirements of the law. The duty is due, not only to the state as a collective sovereignty, but also to each individual unit thereof. 1 Blackstone's Comm. 123; Sharon v. Sharon, 75 Cal. 1; Shrugley v. Black, 66 Kan. 213; Crockett v. Barre, 66 Vt. 269; Morton v. Comp-Gen., 4 S. C. 473; People v. Pierson, 176 N. Y. 201; Hill v. Railroad, 9 Heisk. 823; Patton v. Railway Co., 89 Tenn. 370.

Respondent's operation of its locomotive after dark without displaying an electric headlight was a statutory tort. Stats. 1913, p. 26. The headlight law is a valid exercise of the police power. Railroad v. Georgia, 58 L. Ed. 1312; Railroad v. McDonald, 38 L. Ed. 443. The headlight law is not of freak origin, but is the result of wise general legislation to conserve the public safety. Many of the states have a similar law. 6 N. & C. Cases, p. 1032. "There was evidence that the train was running without a headlight and without blowing the whistle for either crossing. Powers v. Railroad, 82 S. E. 972; Railroad v. Bryant, 110 Ark. 444; Railroad v. Gunn, 166 S. W. 568; Railroad v. McDuffey, 50 Tex. Cr. 202.

Even in the absence of the headlight law, plaintiff

can recover if defendant could have avoided the injury by the exercise of ordinary care. I. & S. Co. v. Tolson, 139 U. S. 551; Klutt v. Railway Co., 142 Fed. 397; Pillmer v. Bain Trac. Co., 97 Pac. 433; Stone v. Forrest City Co., 105 Me. 237; Fuller v. Railroad, 100 Miss. 704; Thompson v. Traction Co., 110 Pac. 552; Railway Co. v. Baker, 95 Pac. 433; Owen v. Portage Co., 126 Wis. 412. The owner is bound to exercise ordinary care for the licensee's safety. Campbell v. Boyd, 88 N. C. 129; Hooker v. Railway Co., 76 Wis. 542; Breeze v. Powers, 80 Mich. 172; Railway Co. v. Moon, 94 Va. 493; Clarkin v. Bessemer Co., 65 Minn. 483; Lowe v. Salt Lake City, 44 Pac. 1050.

"A railway company is not exempt from responsibility * * * for injuries arising from its tortious acts." Railroad v. Stout, 21 L. Ed. 748.

It was immaterial whether plaintiff was a licensee or a mere trespasser, and it was error to nonsuit on the ground that no negligence was shown on the part of defendant. Griffin v. Railroad, 82 S. E. 973.

Whether appellant's or respondent's negligence was the proximate cause of the injury should have been submitted to the jury. Thompson v. Traction Co., 110 Pac. 552; 7 Thompson, Negligence, p. 32.

Where the plaintiff's precedent negligence has been discovered, or by the exercise of ordinary care could have been discovered in time to avoid the injury, the previous negligence of the plaintiff is not a bar to recovery. Strong v. Grand Trunk Co., 156 Mich. 120; Knickerbocker v. Detroit Co., 167 Mich. 596.

The bare fact that the appellant was committing a trespass when injured will not bar recovery for the negligence of respondent. If his injuries were wantonly inflicted, he may recover. There is in law a clear and well-recognized distinction between *wanton* and *wilful*. To constitute the latter there must be design, purpose, and intent to do wrong and inflict the injury. In *wanton* negligence the party doing the act, or failing to act, must

be conscious of his conduct; and, though having no intent to injure, must be conscious, from his knowledge of surrounding circumstances and existing conditions, that his conduct will naturally or probably result in injury. Railroad v. Smith, 153 Ala. 127; Everett v. Receiver, 27 S. E. 991; Brassington v. Railroad, 89 Am. St. 905; Welch v. Durand, 36 Conn. 182; LaFayette Co. v. Huffman, 92 Am. Dec. 318; Cleveland Co. v. Tartt, 64 Fed. 823; Harrington v. Railroad, 140 Cal. 51; Railroad v. Anchors, 114 Ala. 492.

Contributory negligence is no defense to an action for wanton injury. Birmingham Co. v. Haggard, 155 Ala. 343; Tognazzini v. Freeman, 123 Pac. 544; Florida R.. Co. v. Dorsey, 59 Fla. 260; Southern Ry. Co. v. Wiley, 71 S. E. 11; Traction Co. v. Croly, 96 N. E. 973; Dixon v. Railroad, 207 Mass. 126; Anderson v. Minneapolis Co., 103 Minn. 224; Fuller v. Illinois C. Co., 101 Miss. 705; Murphy v. Ry. Co., 228 Mo. 56; Hawks v. Slusher, 1 Or. 104; McGown v. Mildrow, 91 S. C. 523.

An operative company may impliedly waive its own rules. 10 C. J. 665. This principle is not different from that frequently applied in cases between master and servant. 26 Cyc. 1161.

The company was well aware of long-continued use by appellant and others of the tracks at the place of the accident. Such use without objection constituted legal assent. Had respondent any rule or regulation denying such action, its passivity with knowledge constituted a waiver of such rule or regulation. Railroad v. Lynch, 55 S. W. 517; Texas Co. v. Elliott, 54 S. W. 410; Eddy v. Rowell, 26 S. W. 875.

*Brown & Belford,* for Respondent:

The law of this case was fully determined in the decision of this court on the former appeal. There is no evidence to show the defendant guilty of any wilful or wanton conduct, such as to preclude the defense of contributory negligence. This being true, the contributory

negligence of plaintiff was so thoroughly demonstrated by his own testimony that ordinarily reasonable minds could not differ concerning it. The principles announced in the former opinion are controlling. When applied to the facts developed on the second trial, they will necessitate an affirmance of the judgment. Crosman v. Southern Pacific Co., 42 Nev. 92.

If the judgment of nonsuit was correct, it must be affirmed, regardless of the reasoning of the trial court. McCafferty v. Flinn, 32 Nev. 269; Ford v. Weed L. Co., 147 Pac. 112.

The undisputed evidence showed conclusively that plaintiff was guilty of such contributory negligence as to bar recovery. "The universal rule is that if negligence on the part of the person injured contributed to the injury, he is not entitled to recover." 29 Cyc. 507; 1 Thompson, Negligence, sec. 176; Solen v. V. & T. R. R. Co., 13 Nev. 106.

Having no lawful right to be upon the tracks, it was incumbent upon plaintiff to exercise the utmost vigilance for his own safety. Pluckwell v. Wilson, 5 Carr. & P. 375; Chicago Ry. Co. v. Roberts, 44 Ill. App. 179. The accident could not possibly have occurred, under any circumstances, if plaintiff had not been on the wrong track. He was aware of the movement of traffic. Kansas Southern v. Langley, 160 Pac. 451. He placed himself in a position of danger from which his injuries resulted. Railroad v. Roberts, 44 Ill. App. 79; Railroad v. Halsey, 133 Ill. 248; Newport News Co. v. Howe, 52 Fed. 362.

Plaintiff was a trespasser. "Every unauthorized entry upon the land of another is a trespass." 38 Cyc 995. Where a person having authority for the original entry exceeds or abuses such authority, he becomes a trespasser *ab initio*. 29 Cyc. 444, 445; 38 Cyc. 1000.

There is no difference in the duty owed by a railroad company to trespassers and bare licensees. 33 Cyc. 767; 3 Elliott, Railroads, sec. 1250; 2 Thompson, Negligence,

sec. 1705; Dull v. Cleveland Co., 52 N. E. 1013; Ward v. S. P. Co., 36 Pac. 166.

No liability attaches to a defendant, except where the injury is inflicted by reason of wilful or wanton conduct. There was nothing wilful or wanton in this case. There must be either a wilful intent to injure or a consciousness at the time that thè failure to perform the duty or the doing of the negligent act will probably result in injury. Railroad v. Baker, 98 Pac. 804; Hazel v. S. P. Co., 173 Fed. 431; Rideout v. Traction Co., 101 N. W. 672; Alger, Smith & Co. v. Traction Co., 101 N. W. 298; Gibbons v. N. P. R. R., 108 N. W. 471; Birmingham Ry. Co. v. Bowers, 20 South. 345; Southern R. Co. v. Bennefield, 55 South. 252; Bolin v. Railroad, 84 N. W. 446; Bjornquist v. Railroad, 70 N. E. 53; Cleveland Ry. Co. v. Miller, 49 N. E. 445.

Plaintiff cannot recover where his negligence has contributed to the injury, even though defendant's negligence is gross. Carrington v. Railroad, 88 Ala. 472; Bowen v. New York R. Co., 59 Conn. 364; Railroad v. Hirst, 30 Fla. 1; Chicago Coal Co. v. Moran, 210 Ill. 9; Wilds v. Hudson River R. Co., 24 N. Y. 430; McDonald v. Railroad, 36 Tex. 1; Fonda v. St. Paul City Ry. Co., 74 N. Y. 166; Conner v. Citizens' Street R. R. Co., 45 N. E. 662.

Where the contributory negligence is the proximate cause of the injury, plaintiff's rights are no greater than they were before, even if a statute is violated by the railroad company. Frank v. Suthon, 159 Fed. 177.

The agreement between the railroad company and the telegraph company was valid, and constituted a complete bar to this action. It was a mere permission to plaintiff, without consideration, to use the tracks of the railroad company. He was a naked licensee. "Permission involves leave and license, but bestows no rights." Benson v. Baltimore Traction Co., 26 Atl. 973; Campbell, Negligence, sec. 44; Sweeney v. Railroad Co., 10 Allen, 372; Railroad v. Cogswell, 99 Pac. 923.

By the Court, DUCKER, J.:

The appellant brought this action against respondent to recover a judgment for damages for personal injuries alleged to have been sustained by him through the negligence of the company. The respondent denied negligence and set up the contributory negligence of the appellant. The evidence showed substantially the following facts: The respondent is a railway corporation and for many years has maintained and operated a railroad across the State of Nevada and through the State of California. The city of Reno is situated in Nevada about three miles westerly from Sparks, on respondent's right of way. Sparks is a division point on the railroad in Nevada, and Truckee was a division point in California when appellant sustained his injuries. At the time of the accident which resulted in his injuries, and which occurred on the night of the 18th of February, 1914, Crosman, the appellant, was, and had been for nearly three years prior thereto, employed by the Postal Telegraph-Cable Company as a lineman. His duties involved the repair and maintenance of this company's telegraph lines between Lovelock and Floriston. Floriston is a station in California, and Lovelock a city in Nevada, on the Southern Pacific Company's right of way, some distance easterly from the city of Sparks. Between these points the lines of the telegraph company extend for the most part along the right of way of the Southern Pacific Company.

On the 31st day of January, 1911, the telegraph company obtained permission from the respondent for the former's employees, engaged in repair and maintenance service, to operate velocipede cars on the latter's tracks between Sparks and Wells. This permit is in the form of an agreement executed by the two companies. It recites that it was given at the request of the telegraph company without liability on the part of the railroad company for negligence, and provides:

"That the party of the first part (railroad company)

hereby consents to, and with, the party of the second part (telegraph company) that the employees of said second party engaged in the repair and maintenance of the lines of the Postal Telegraph - Cable Company, between Sparks, Nevada, and Wells, Nevada, may at their own sole risk, as gratuitous licensees, operate velocipede cars on the tracks of the Southern Pacific Company between Sparks, Nevada, and Wells, Nevada, it being expressly understood, however, that said employees at all times while so engaged in operating said velocipedes upon said railroad tracks shall do so at their own liability and risk, and that the party of the first part shall owe them no duty, either as licensees or otherwise, and shall not be liable for injuries sustained by them, whether arising from negligence or otherwise.

"In consideration of the premises the party of the second part hereby agrees to indemnify and hold harmless the party of the first part from any and all loss, costs, demands, or damages that may arise or result to the party of the first part on account of injury to any employees of the party of the second part while engaged in operating velocipede cars upon the said railroad tracks between Sparks, Nevada, and Wells, Nevada."

On February 16, 1912, the telegraph company inclosed to appellant a copy of the permit. He was instructed in the letter to carry the permit with him when using the car, so that it could be shown as authority for running it on the respondent's tracks. In the letter his attention was called to the former instructions regarding the care he should take in operating his cars in order to prevent accident. He read the permit and carried it with him on several trips. Crosman resided in Reno, and from the date he entered the employ of the telegraph company on July 1, 1911, operated the car out of Reno over the railroad company's tracks in the course of his employment, up to the time of his injuries, without objection from respondent or any of its agents or employees.

Several months prior to the accident, the Southern Pacific Company had completed a double-track system

between Sparks and Truckee. Immediately thereafter it commenced, between these two points, and has ever since continued, what is known in railroad parlance as the left-hand traffic movement. By left-hand traffic movement it is meant that all trains proceed on the left-hand track over the double-track system in the direction of the movement. There were a few temporary interruptions of this movement between Truckee and Reno caused by washouts, but none between Reno and Sparks. Crosman knew of the left-hand traffic movement at the time it was inaugurated; was familiar with its operation and the signals by which it was indicated.

On the morning of February 18, 1914, Crosman and a man named M. J. McQuinn, a lineman also in the employ of the telegraph company, left Reno on the former's velocipede and went easterly some distance beyond Sparks to do some work on the telegraph company's line. They traveled from Reno to Sparks on the left-hand track, passing a passenger train going west on the opposite track. On their return they reached Sparks about dark. After regulating some engine trouble with the car, they proceeded in the Sparks yards until they came to some switches. They then crossed over to the right-hand track and continued westerly toward Reno. Crosman did not get on the right-hand track through mistake or inadvertence. He testified substantially that he merely wanted to get on a main-line track and was not particular as to which one it was. The weather was very cold, cloudy, and windy, and after they got beyond the radius of lights in the Sparks yard it was very dark. The wind was blowing from the west directly in the faces of the two men. Crosman was seated in the back of the car with his body partly turned to the left-hand rail. McQuinn was seated at the front of the car facing north. He was wearing a big heavy coat and had the collar pulled around his nose to protect his face from the wind. He had his hat pulled down and his head bent forward for the same purpose. McQuinn testified the car was traveling between 15 and 18 miles an hour.

Crosman did not think it was running that fast. There was no light on the car. It was the first time Crosman had operated it on respondent's tracks after dark. When at a point about 600 yards west of the Sparks passenger depot and within the westerly city limits of Sparks, the velocipede car collided with a switch engine drawing some freight cars, which was moving backward in an easterly direction on the same track, and Crosman was badly injured. Just before the collision McQuinn saw a dark object a short distance in front of them, and, shouting to his companion, rolled from the car in time to avoid injury. The switch engine carried no light in the rear, or other light that the men could see.

When the appellant closed his case, respondent moved for a judgment of nonsuit. The lower court granted the motion and entered judgment of nonsuit, dismissing the action. A motion for a new trial was made and denied.

At the outset we will dispose of one of the contentions made by counsel for appellant. He asserts that the rule of comparative negligence should be applied to the facts of this case, on the ground that appellant was an employee of the respondent. To this contention it is sufficient to say that the appellant was in no sense an employee of the Southern Pacific Company. The evidence discloses that he was in the sole employ of the telegraph company, and that his services were rendered for the benefit of this company exclusively.

1, 2. Was the judgment of nonsuit warranted by the evidence? A judgment of nonsuit may be entered by the court, upon motion of the defendant, when, upon the trial, the plaintiff fails to prove a sufficient case for the court or jury. Section 295, Civil Practice Act, Rev. Laws, 5237. The rule by which a plaintiff's evidence must be regarded on a motion for nonsuit has been quite clearly enunciated in former decisions of this court.

"In considering the granting or refusing of a motion for a nonsuit the court must take as proven every fact which the plaintiff's evidence tended to prove, and which was essential to his recovery, and every inference of fact

that can be legitimately drawn therefrom, and give the plaintiff the benefit of all legal presumptions arising from the evidence, and interpret the evidence most strongly against the defendant." Burch v. S. P. Co., 32 Nev. 75, 104 Pac. 225, Ann. Cas. 1912B, 1166.

3. With due regard for the probative effect of appellant's evidence under this rule, we are of the opinion that the judgment of the lower court was correct on the ground of the contributory negligence of the appellant. The test adopted by this court in Burch v. Southern Pacific Co., supra, when applied to the facts of this case, impels us to this conclusion. It is thus stated:

"A case should not be withdrawn from the jury when reasonable men might * * * differ on questions of fact as to whether or not a plaintiff was guilty of such negligence * * * and the conclusion that follows as a matter of law, unless the testimony is so conclusive as to compel the court to set aside a contrary verdict."

It must be borne in mind that there is no conflicting evidence as to the acts, omissions, and circumstances which, in the compound, made the condition that caused the accident. The question of negligence or no negligence is determinable from the undisputed facts. If appellant's acts imputed negligence on his part and were so conclusive in this respect that reasonable minds ought not to differ as to such conclusion, his negligence flows from the acts as a matter of law.

"When the facts, showing want of ordinary care * * * on the part of plaintiff, are clear and undisputed, the question of negligence is one of law, to be decided by the court." Solen v. V. & T. R. R. Co., 13 Nev. 106.

4-6. We think the appellant's conduct was of this character. He knew that the right-hand track running westerly out of Sparks was in use by the respondent for the regular government of its trains bound east. Yet, notwithstanding this knowledge, he placed his car on this track and ran westerly against the current of traffic

on a dark night without a light. The negligence involved in these acts of commission and omission is obvious. In fact, clearer evidence of negligence can hardly be suggested. It shows an entire failure to exercise ordinary care in the face of known danger. He stated, and his counsel argued, that it was safer to run counter to the traffic movement after night because he could always watch ahead for the light of an approaching train, whereas he could not keep a constant lookout in the rear. This argument is not of persuasive quality. It would be as reasonable to say that it is safer for an automobilist to run on the left-hand side of a street or highway against the movement of automobiles or other vehicles after night. Common experience proves the contrary. He testified that he did not know that he was on the right-hand track, but it appears that he did not exercise any care at all to get on the left-hand track. In fact, it was immaterial to him what track he took out of Sparks so long as he got on a main-line track. His carelessness resulted in disaster. Under such circumstances, reasonable men ought not to honestly differ from the conclusion that appellant's acts constituted negligence. The question is entirely free from doubt. That the failure of the respondent to display a light on the rear of its switch engine was negligence, is equally clear and determinable by the court as a matter of law. Consequently, on accepted principle, before it can be relieved of liability by the appellant's negligence, it must appear that such was the proximate cause of the accident. Longabaugh v. Virginia City and Truckee R. R. Co., 9 Nev. 271; Bunting v. Central Pacific R. Co., 14 Nev. 351; O'Connor v. North Truckee Ditch Co., 17 Nev. 245, 30 Pac. 882.

It is stated by Judge Thompson, in his work on Negligence, that the injured person's negligence need not be the sole proximate cause. The author says:

"Obviously it is not necessary that the plaintiff's negligence shall have been the sole proximate cause of

the injury, for this would exclude all idea of negligence on the part of the defendant, and leave no room whatever for the operation of the doctrine of mutual or contributory negligence." 1 Thompson on Negligence, sec. 217.

7. But the question is whether or not the plaintiff's negligence was a proximate cause of the accident has been determined in the affirmative by this court on a former appeal of this case (42 Nev. 92, 173 Pac. 223), and we think that its opinion is correct and decisive of the question here.

On the first appeal the order and judgment of the lower court were reversed because this court was of opinion that the special findings of fact made by the jury were inconsistent with their general verdict in favor of the respondent. But in applying the law to the facts found in Crosman v. Southern Pacific Company, supra, the court recognized certain principles which are applicable and controlling in this case if the facts are not substantially different. Wright v. Carson Water Co., 23 Nev. 39, 42 Pac. 196.

In the main it was recognized that the special findings were supported by the evidence, but in respect to the findings of the jury that the proximate cause of the accident was "no light on the engine" this court held to the contrary. In this regard the court said:

"That the plaintiff's negligence was one, if not the proximate, cause of his injuries is a fact concerning which reasonable minds could not differ. The only plausible pretext upon which these findings can be reconciled with the general verdict would be to hold that the jury was correct in its assumption or conclusion that, notwithstanding the plaintiff's negligence or want of ordinary care and reasonable diligence, 'no light on engine' was the proximate cause of the injuries. Ordinarily, proximate cause is a question of fact, but it is a term sufficiently defined to enable courts to determine if from a given or undisputed state of facts in a case of

negligence a verdict  *   *   *   thereon is binding or conclusive upon us."

8.  We thus see that this court on the evidence adduced in the former case, independently of a contrary finding by the jury, determined that, as a matter of law, appellant's negligence was one, if not the sole, proximate cause of his injuries.  There is no substantial difference in the evidence to render this ruling on the former appeal inapplicable here.  True, in the former trial of the case it appeared that appellant was a trespasser, inasmuch as his presence on the track with his velocipede car was in violation of an order made by respondent not to run his car on its tracks after dark, and in violation of his employer's written instructions to the same effect; while the evidence on this trial, considering it as it should be weighed on a motion for a nonsuit most strongly against the defendant, does not establish that appellant was on the track at the time of the accident in violation of the orders of the respondent and his employer.  On this trial, under the evidence, he appears as a bare licensee.  But, as the duty the respondent owed him as a licensee, under the facts of this case, was no greater than a trespasser—that is, not to wantonly or wilfully injure him or fail to exercise due care to prevent his injuries after his presence in a place of danger was discovered—the difference in the evidence in this respect cannot make the decision of the court on the former appeal less controlling as to the question of proximate cause.  As appellant was guilty of contributory negligence which was a proximate cause of his injuries, it follows that he cannot recover unless the negligence of the railroad company was of such a character as to preclude it from availing itself of appellant's negligence as a defense.

9.  Contributory negligence is no defense to an action for damages for an injury wilfully or wantonly inflicted.  1 Thompson on Negligence, secs. 206, 207; Beach, Contributory Negligence (2d ed.) sec. 64; Atchison, T. & S. F. R. Co. v. Baker, 79 Kan. 183, 98 Pac. 804,

21 L. R. A. (N.S.) 427; 20 R. C. L. 144, and cases cited in note 18.

10.   It is difficult to formulate a general definition of what constitutes such wilful or wanton conduct as will warrant a recovery of damages by an injured party, notwithstanding his own contributory negligence; but we think the following has been fairly extracted from the many cases in which a definition of the term has been undertaken:

"To constitute wilful injury there must be design, purpose, and intent to do wrong and inflict the injury; while to constitute wanton negligence the party doing the act or failing to act must be conscious of his conduct, and, though having no intent to injure, must be conscious, from his knowledge of surrounding circumstances and existing conditions, that his conduct will naturally or probably result in injury."  20 R. C. L. 21.

"The distinction between wilful and wanton injury is clearly drawn in Atchison, T. & S. F. R. Co. v. Baker, supra, by the following illustration:

"The difference is that between him who casts a missile intending that it shall strike another, and him who casts it where he has reason to believe it will strike another, being indifferent whether it does so or not."

11.   It clearly appears that the conduct of respondent's employees could not have been due to wilfulness, that is to say, to a design to inflict injury.  The evidence shows conclusively that appellant's presence on the track was unknown to them and was not discovered before the collision, at least not in time to avoid the crash.  Counsel for appellant argued that the negligence of respondent's employees in not displaying a light on the rear of the engine prevented appellant and the engineer from being apprised of the impending danger and thus precluded either from its discovery and an opportunity to exercise due care to avoid it.  But this is merely to array the negligence of the respondent against the negligence of the appellant.  It is as appropriate to say that the negligence of the appellant in not displaying a light on his

velocipede car prevented the engineer from having an opportunity to discover appellant's presence on the track in time to reverse his engine or sound the alarm.

Under all the circumstances in evidence, we have no hesitancy in holding that the lower court was justified in withholding the case from the jury as to any element of wilfulness. The evidence does not disclose a state of facts from which a legitimate inference may be drawn that the acts of respondent's employees were of a wanton nature. The switch engine was running on the right track in the direction of the movement of traffic. The evidence shows that the switch engine was running at a very low rate of speed. The engineer had a right to assume that all trains running in an opposite direction would take the other track. It appears that pedestrians and bicyclists sometimes used the tracks between Reno and Sparks, but always in the daytime. There is evidence that hand cars and motor cars were run on the tracks between these points after night, without lights; but it does not appear that any of these cars were ever run on the tracks between Reno and Sparks against the current of traffic at any time. The engineer could not therefore have reasonably anticipated the presence of any of these on the track. The appellant had never run his velocipede car on the tracks after night before this time, so it was not possible to foresee his presence on the track on the night of the accident. Such circumstances have no tendency to prove that any of the respondent's employees on the switch engine were conscious that their conduct in not displaying a light on the switch engine would naturally and probably result in injury to some one. The evidence is not doubtful on this point, nor any of the inferences to be drawn from it so questionable as to require the judgment of the jury.

In Georgia Pacific Railway Co. v. Lee, 29 Ala. 262, 9 South. 230, it was held that the assumption of recklessness or wantonness, implying wilful and intentional wrongdoing, may not be predicated of a mere omission of duty, under circumstances which do not, of them-

selves, impute to the person so failing to discharge the duty a sense of the probable cause of the omission.

In Highland Avenue and Belt R. R. Co. v. Maddox, 100 Ala. 618, 13 South. 615, it was held that neither the mere running of a train at fifteen miles per hour at a crossing just outside the city limits, nor failure to ring the bell, or blow the whistle, or keep a proper lookout, is more than simple negligence as contradistinguished from wantonness, which will preclude the defense of contributory negligence. The court held in Georgia Pacific Ry. Co. v. Lee, supra, that, conceding that the speed of fifteen miles an hour and the absence of any warnings upon approaching a crowded thoroughfare might stand for recklessness and wantonness precluding the defense of contributory negligence, it is insufficient for the purpose where the evidence does not show that the locality involved was of that character. The evidence showed the locality to be the crossing of a considerably traveled public road over the railway.

It has been held that evidence that a train approached a public crossing in a town of 500 or 600 inhabitants, at a rate of from 25 to 30 miles an hour, without ringing the bell or sounding the whistle, while showing negligence, does not sustain a charge as to wanton, reckless, or intentional killing, precluding defense of contributory negligence. Gipson v. Southern R. Co. (C. C.) 140 Fed. 410. In Louisville N. A. & C. R. Co. v. Wurl, 62 Ill. App. 381, it was held that neither the fact that a train was running at a greater rate of speed than allowed by a municipal ordinance, nor the fact that, in violation of the rules of the company, it ran past a suburban train which was stopped at a station to receive passengers, is evidence of wilfulness which will preclude defense of contributory negligence, when a person was struck while passing over a highway crossing to reach the suburban train.

In none of the foregoing cases were the facts upon which it was sought to predicate wilfulness or wantonness appreciably weaker than in the instant case. True,

the accident in these cases happened in the daytime, while here it occurred at night; but this distinction minimizes the probability of pedestrians or bicylists or persons riding on motor cars using the respondent's tracks. Had the issue been submitted to the jury and a verdict rendered for appellant, it would have been the duty of the court to set it aside, because the evidence was legally insufficient to establish a liability.

12. The appellant contends that the failure of the respondent's employees to display a light on the switch engine in the direction in which it was moving was a violation of section 2 of the so-called headlight law enacted in 1913 (Stats. 1913, c. 32) and effective at the time appellant sustained his injuries, and that such violation of a law enacted to promote the public safety is sufficient to entitle the appellant to recover under the facts of the case. Sections 1 and 2 of that act read as follows:

"SECTION 1. Every company, corporational lessee, manager, or receiver, owning or operating a railroad in this state, is hereby required to equip, maintain, use, and display at night upon each and every locomotive being operated in road service in this state, an electric or other headlight of at least 1,500 candle-power, measured without the aid of a reflector; *provided*, that this act shall not apply to locomotive engines regularly used in switching cars or trains; *and provided further*, that this act shall not apply to railroads not maintaining regular night-train schedules, nor to locomotives going to or returning from repair shops when ordered in for repairs.

"SEC. 2. All locomotives backing up, over any division or district, or portion thereof at night, shall be provided with a headlight of the character described in section 1 hereof displayed in the direction the engine is moving."

This contention cannot help appellant. Conceding, but not deciding, that the evidence discloses that the switch engine was not within the exemption of the first proviso of said section 1, but was actually engaged in

road service at the time of the accident, the failure to observe the provisions of the statute, if there was such failure, is not in itself evidence of wilful or wanton conduct, precluding the respondent from the defense of contributory negligence.

In some jurisdictions the violation of a statute of this kind is held to be evidence of negligence. Another class of cases hold it to be negligence per se; that is, negligence as a mere matter of law. Thompson on Negligence, vol. 1, secs. 10 and 11. But even in those jurisdictions where the view is taken that it constitutes conclusive evidence of negligence on the part of a defendant, it must appear to be the proximate cause of the injury and that the plaintiff was without fault before the latter can recover.

A careful examination of the cases cited by counsel for appellant, to sustain his contention that a recovery may be had for the injuries inflicted, on the assumption that respondent's employees violated the headlight law, reveals the fact that none of them have that effect. On the whole, they either recognize that contributory negligence is a defense where the act or omission complained of involves the violation of a statute, or are based on a statute which expressly, or by the plain implication of terms, prohibits such a defense.

We are satisfied that the appellant could not recover under any view of the law in the face of his own negligence contributing to the cause of his injuries, upon the mere proof of the violation of the statute in question.

The judgment of the lower court granting a nonsuit is affirmed.