CHRIS MITROVICH, APPELLANT v. STEVE PAVLOVICH, RESPONDENT

No. 3320

July 1, 1941.                    114 P.(2d) 1084.

*William M. Kearney* and *Robert Taylor Adams,* both of Reno, for Appellant.

*Harland L. Heward,* of Reno, for Respondent.

## OPINION

By the Court, DUCKER, C. J.:

This is an action for damages for injuries received in an automobile accident, which automobile was owned and operated by respondent and in which appellant was

riding as a guest at the time of the accident. The complaint charges respondent with being guilty of willful misconduct. The action was tried by the court without a jury, and the trial resulted in a judgment that appellant take nothing by his complaint. His appeal is from the judgment and order denying his motion for a new trial. The court found as follows:

(1) On April 6, 1939, Chris Mitrovich, the plaintiff, and Sam Armanko and Daisy Midzor accompanied the defendant as his guest in his twelve-cylinder Lincoln Zephyr automobile on a pleasure trip from Reno, Nevada, to Susanville, California, to visit a mutual friend. The defendant and Daisy Midzor sat in the front seat and the plaintiff and Sam Armanko sat in the rear seat. Daisy Midzor drove the car from Reno to a point in California some distance beyond the state line, when the defendant took the wheel. The change of drivers was made at the request of defendant. Defendant's experience in the operation of an automobile consisted in his having previously driven his car on two occasions from his home at 1019 Riverside Drive to the Grand Central Garage, a distance of approximately one mile, at a speed of not over twenty-five miles. The defendant had never before driven any car on the public highway, nor had he ever applied for a driver's license. At the time of taking the wheel the defendant did not advise the plaintiff that he was an inexperienced driver.

(2) The defendant drove the car a few miles, the exact number not being definitely shown, at a speed of approximately fifty miles per hour, without any objection or protest from the plaintiff or either of the other guests. Suddenly the right wheels of the car ran off the paved surface of the highway, the car skidded along the right shoulder for a short distance, then in a diagonal direction across the pavement and along the left shoulder for a short distance, and then left the highway and crashed into a fence, tearing loose some five posts, situated eight or ten feet apart.

(3) The accident happened about 10 : 30 o'clock in the morning on a clear day, about two miles south of Doyle, in Lassen County, California. The highway at the place of the accident was level and straight for a considerable distance each way, and was perfectly dry. No cars, or other obstructions of any kind interfered with the vision of the driver. At the time of taking the wheel the defendant knew that there was risk in driving the car with his lack of experience, and that it was dangerous for him to do so, in the sense that there is always the possibility of an accident, but he did not think about that phase of the matter. He believed that he could control the car, and he wanted to learn to drive. He intentionally took the wheel and drove the car, and he did not do so with knowledge or appreciation of the fact that danger was likely to result therefrom or that injury to his guests would be a probable result thereof. He did not drive the car with a wanton or reckless disregard to its possible result, or with a positive, active, and absolute disregard of its possible consequences. The driving of the car was not done under such circumstances as would justify the reasonable inference that he should have known that injury to his guests was a possible result. The defendant never thought that the car would get out of his control, or that an accident would happen, or that anyone would get hurt. The defendant exercised his best skill and judgment in driving the car and in attempting to get it back on the paved highway after the wheels ran off, and did everything within his power to avoid an accident.

Findings 4 and 5 set out the extent of the injuries sustained, the expenses resulting therefrom, and that section 403 of the Vehicle Code of the State of California was in full force, virtue, and effect during all of 1939 and 1940 to date.

(6) That at the time plaintiff was injured, he was riding in the defendant's motor car upon a highway in the State of California as a guest accepting a ride in

said vehicle without giving compensation for such ride.

■ The findings are supported by substantial evidence and our opinion, therefore, will be predicated upon them.

■ The facts that he did not have and had not applied for a driver's license were immaterial.

■ Appellant makes much of some testimony elicited from respondent on cross-examination as indicating knowledge of danger from his inexperience in driving so fast, and a reckless disregard of the probable consequences, but we think the testimony taken in its entirety supports the findings of the trial court.

The question presented is whether respondent was guilty of willful misconduct proximately causing appellant's injuries.

Appellant's contention is that respondent's inexperience in driving an automobile, plus the speed of the vehicle at the time of the accident, amounted to willful misconduct within the meaning of section 403, supra. The section reads: "No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of such vehicle or against any other person legally liable for the conduct of such driver on account of personal injury to or the death of such guest during such ride, unless the plaintiff in any such action establishes that such injury or death proximately resulted from the intoxication or willful misconduct of said driver." Stats. Calif. 1935, p. 154.

■■ As the accident occurred in California we must reach a decision from a consideration of the facts in the light of California law. The above statute has been construed a number of times by the California courts. The accepted definition of willful misconduct as found therein, we believe, is that it necessarily involves deliberate intentional conduct in doing or omitting to perform an act either with knowledge on the part of the culpable person that it is likely to result in serious

injury or with a wanton and reckless disregard of the probable consequences. Porter v. Hofman, 12 Calif. (2d) 445, 85 P. (2d) 447.

■ The application of the rule as thus established creates no difficulty, for it is clear that the facts of this case do not bring it within the rule. The respondent was not an experienced driver, yet he was not without some experience, little it is true, in handling an automobile. He had driven it in the city of Reno twice and in addition had driven some miles just prior to the accident. It may be said he was learning to drive. He was driving it in the daytime at a speed of fifty miles per hour on a straight paved highway under favorable weather conditions. Visibility was not restricted by approaching automobiles or otherwise. It is obvious that respondent in driving the car had no intent to injure himself or friends. We are decidedly of the opinion also that the facts as found by the trial court show no wanton or reckless disregard of the probable consequences of his unskillful driving. Our attention is called to the fact that respondent was exceeding the speed limit of forty-five miles an hour. This in itself does not constitute willful misconduct. Del Bosque v. Kakoo Singh, 19 Calif. App. (2d) 487, 65 P. (2d) 951; Rhoads v. Studley, 15 Calif. App. (2d) 726, 59 P. (2d) 1082. In the latter case the court said: "Excessive speed in the operation of a vehicle, unless coupled with other evidence from which an inference might be drawn that the driver believed or expected injury would be probable, does not constitute willful misconduct."

Respondent's inexperience does not warrant an inference of that character.

The assignments of error relating to objections sustained were waived.

The judgment and order denying a motion for a new trial should be affirmed.

It is so ordered.