JANET LOUISE GARLAND AND DALE GARLAND, HER HUSBAND, APPELLANTS, *v.* BURTON GREEN-SPAN AND RUTH GREENSPAN, HIS WIFE, RESPONDENTS.

No. 4047

March 20, 1958.

323 P.2d 27

*Ralph Morgali,* of Las Vegas, for Appellants.

*Clarence Sundean,* of Las Vegas, for Respondents.

## OPINION

By the Court, EATHER, J.:

This is an action for personal injuries resulting from an automobile upset. From judgment for the defendants this appeal is taken by the plaintiffs.

Appellants concede that the injured party was a guest under NRS 41.180 and that recovery is there denied save where injury was caused by intoxication, willful misconduct or gross negligence. They contend, however, that the record demonstrates that defendants were guilty of willful misconduct or gross negligence. The sole question upon this appeal, directed to that contention, is whether it can be said that such misconduct or negligence has been so clearly established that the minds of reasonable men could not differ upon the issue and that gross negligence or willful misconduct may be said to have been established as a matter of law.

The accident occurred in Clark County, Nevada. The injuries were sustained by appellant Janet Garland who at the time was the guest of defendant Ruth Greenspan. Mrs. Greenspan was driving an automobile owned by herself and her husband. It was one of six Volkswagens which, in caravan, were making a pleasure trip from Las Vegas to Death Valley. At the point of upset the highway, a 2-lane hardtop road, makes a curve to the right. No unusual hazards were presented and the road was free of oncoming traffic.

Occupants of three of the other Volkswagens testified as eyewitnesses. The details of the manner in which the accident occurred and the speed at which Mrs. Greenspan was driving are in dispute. The findings of the trial court (sitting without jury), are in accordance with the testimony given by an occupant of the car immediately behind the Greenspan car who was called as a witness by the appellants.

The court found, "that while the said Ruth Greenspan was driving said automobile on Highway 93, traveling in a northwesterly direction from Las Vegas, Nevada,

at a place approximately 60 to 70 miles from Las Vegas, her car passed the automobile in which Bonnie Wagner was riding with her husband, and at that time the Wagner automobile was traveling at approximately 65 miles per hour; that shortly after its passing the Wagner automobile, the automobile of the defendants swerved to the left of the highway and then to the right, and then hit the right shoulder of the highway, following which it turned over several times, throwing the plaintiff, Janet Garland, out of the car."

It would thus appear from the facts as found that after passing the Wagner automobile at a speed in excess of 65 miles an hour and in returning to the right-hand lane in the course of negotiating a curve to the right, Mrs. Greenspan for some unexplained reason lost control of her car. We are unable to agree with appellants that these facts establish gross negligence or willful misconduct so conclusively that reasonable men could come to no other conclusion.

Appellants contend that the doctrine of res ipsa loquitur provides a supporting inference of negligence under the circumstances. They have cited us no authority to the effect that that doctrine can supply an inference of *gross* negligence or willfulness.

Appellants contend that gross negligence appears from the proof of three facts in combination: (1) that Mrs. Greenspan was driving at approximately 80 miles an hour at the time of the accident; (2) that she was an inexperienced driver; (3) that Mrs. Garland had expressed fear at the speed at which Mrs. Greenspan was driving and had requested that Mrs. Greenspan either slow down or let Mrs. Garland out to continue the trip in another car. Even assuming the evidence to be as appellants contend, there might still be question as to whether gross negligence or willfulness as a matter of law can be said to have been established. This question

we need not decide. Upon all three points the evidence is in dispute and the trial court has not found in accordance with appellants' contentions.

Affirmed with costs.

BADT, C. J., and MERRILL, J., concur.