WILLIAM MARVIN BEARDEN, Appellant, v. CITY OF BOULDER CITY, State of Nevada; HORACE E. SMITH, Jr., as Police Officer of the City of Boulder City, State of Nevada, and Individually, ROBERT GARN, as Police Officer of the City of Boulder City, State of Nevada, and Individually, CITY OF HENDERSON, State of Nevada; and NICK GRANA, as Reserve Police Officer of the City of Henderson, State of Nevada, Respondents.

No. 6795

March 21, 1973                    507 P.2d 1034

*Morton Galane* and *Don C. Tingey,* of Las Vegas, for Appellant.

*Wiener, Goldwater, Galatz & Raggio; James E. Ordowski; Beckley, DeLanoy & Jemison* and *Harry M. Reid,* of Las Vegas, for Respondents.

## OPINION

By the Court, BATJER, J.:

In 1949 the appellant plead guilty, in the state of California, to two counts of embezzlement. On January 4, 1955, having fulfilled the terms of his probation, he changed his plea to not guilty, pursuant to the provisions of California Penal Code § 1203.4 and his conviction was expunged from the record. In April, 1965, he was appointed to the position of chief accountant for the City of Boulder City. As a result of that employment his fingerprints were submitted to the Federal Bureau of Investigation.

At about noon on July 23, 1965, the respondents, Smith and

Garn, police officers of Boulder City, Nevada, and respondent, Grana, a police trainee of Henderson, Nevada, doing apprentice work with the Boulder City police force, went to appellant's residence and arrested him for failing to register as an ex-felon. NRS 207.080 to 207.150. The information revealing his prior conviction had been gleaned by the officers from the F.B.I. "rap sheet" furnished after his fingerprints had been submitted. The "rap sheet" contained no information about the subsequent expungement. Before making the arrest the officers checked with other officials in Boulder City, the Police Department of Las Vegas, Nevada and the Clark County Sheriff's office to determine if the appellant had registered with them. Facts of the expungement were discovered within a relatively short period of time after the arrest and the appellant was released from custody.

Thereafter he brought an action for false imprisonment following a false arrest. He contends that because of the expungement in California he was not required to register as an ex-felon in Nevada, and was, therefore, not violating any of the laws of this state. At the close of the appellant's case the trial court granted the respondents' motion for dismissal pursuant to NRCP 41(b). On a motion for an involuntary dismissal made by a defendant pursuant to NRCP 41(b), the truth of plaintiff's evidence and all reasonable inferences flowing from it must be accepted by the trial court and all the evidence must be interpreted most strongly in favor of the plaintiff and against the defendant. Bates v. Cottonwood Cove Corp., 84 Nev. 388, 441 P.2d 622 (1968). Assuming, without deciding, that the appellant was not required to register as an ex-felon (NRS 207.080 to 207.150), and that he was therefore not committing a misdemeanor in the presence of the officers by not registering, the respondents were protected from a civil suit for false imprisonment following a false arrest by the provisions of NRS 41.034,[1] and the record in this case compels dismissal pursuant to NRCP 41(b).

This case presents another instance where reliance upon a F.B.I. "rap sheet" has led to difficulty. Boley v. State, 85 Nev. 466, 456 P.2d 447 (1969). Had the police officers been less zealous, and instead used some caution, the unfortunate events

[1]NRS 41.034 (Repealed Statutes of 1967, Chapter 368, page 993): "No action may be brought under NRS 41.031 or against the employee which is based upon an act or omission of any peace officer or fireman, unless such an act or omission amounts to gross negligence or to willful and wanton misconduct."

recounted here would probably not have arisen. The officers involved and their municipal employees are indeed fortunate that at the time of the arrest NRS 41.034 provided municipalities and their policemen and firemen with immunity from civil suits for their acts in the course of their employment unless those employees acted with gross negligence or were guilty of wilful and wanton misconduct. Chapman v. City of Reno, 85 Nev. 365, 455 P.2d 618 (1969).

The appellant contends that none of the respondents are protected by NRS 41.034 because the act of arresting the appellant without a warrant amounted to gross negligence as well as wilful and wanton misconduct.

There is no evidence that the officers were grossly negligent in performing their duties leading up to the arrest. After receiving the F.B.I. "rap sheet" listing the appellant as an ex-felon, they checked with officials in Boulder City, Las Vegas and Clark County to determine if the appellant had registered pursuant to the statutory requirements. They found no such registration.

In Hart v. Kline, 61 Nev. 96, 116 P.2d 672 (1941), this court adopted the following language: "Gross negligence is substantially and appreciably higher in magnitude and more culpable than ordinary negligence. Gross negligence is equivalent to the failure to exercise even a slight degree of care. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty, and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a heedless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is, in gross negligence, magnified to a higher degree as compared with that present in ordinary negligence. Gross negligence is manifestly a smaller amount of watchfulness and circumspection than the circumstances require of a prudent man. But it falls short of being such reckless disregard of probable consequences as is equivalent to a willful and intentional wrong. Ordinary and gross negligence differ in degree of inattention, while both differ in kind from willful and intentional conduct which is or ought to be known to have a tendency to injure."

Here the record reveals, that a reasonable man upon the particular circumstances of this case could not conclude that

the arrest of the appellant evidences a failure on the part of the officers to exercise even a slight degree of care, nor such an aggravated act or omission absent of even slight diligence nor want of even scant care nor utter forgetfulness of legal obligations so far as other persons may be affected nor such heedless and palpable violation of legal duty respecting the rights of others as to constitute gross negligence. Cf. Kuser v. Barengo, 70 Nev. 66, 254 P.2d 447 (1953).

The trial court also determined, as a matter of law, that the officers were not guilty of either wilful or wanton misconduct. In Rocky Mountain Produce v. Johnson, 78 Nev. 44, 369 P.2d 198 (1962), this court analyzed "wanton misconduct," and distinguished wilful misconduct from gross negligence: "It [wanton misconduct] is most accurately designated as wanton and reckless misconduct. It involves no intention, as does wilful misconduct, to do harm, and it differs from negligence in that it does involve an intention to perform an act that the actor knows or should know, will very probably cause harm."

The evidence clearly shows that the officers were not guilty of wilful misconduct. There is no evidence that they intended to do any harm to the appellant. They were merely making what they apparently believed to be a routine arrest. Neither did their conduct manifest any intention to perform an act which they knew or should have known would very probably cause harm. Every arrest causes some harm. An arrestee is deprived of his liberty, and at the very least is mentally upset. Here there is no evidence of an intentional doing of an act, or the intentional failure to do an act in such reckless disregard of the circumstances and conditions as would cause these officers to know or have reason to know that such conduct would in a high degree of probability result in substantial harm to the appellant. To be wanton such conduct must be beyond the routine. There must be some overt act of perversity, depravity or oppression done to inflict injury in a malicious manner. Such would be the type of misconduct that would be necessary to remove a police officer from the protection afforded by NRS 41.034 as it read when this arrest took place. Chapman v. City of Reno, supra. The appellant presented no evidence to show wanton misconduct. There was no showing that the officers had any reason for malice toward him. Southern Pacific Co. v. Harris, 80 Nev. 426, 395 P.2d 767 (1964); Rocky Mountain Produce v. Johnson, supra; Crosman v. Southern Pacific Co., 44 Nev. 286, 194 P. 839 (1921). Reliance upon the F.B.I. "rap sheet" together with the act of the officers in checking

with officials in Boulder City, Las Vegas and Clark County clearly removes their conduct from the sphere of wantonness.

If reasonable minds cannot differ in drawing a conclusion from the facts presented, then gross negligence and wilful or wanton misconduct become questions of law. Here these questions of law were properly decided by the trial court. Rocky Mountain Produce v. Johnson, supra; Garland v. Greenspan, 74 Nev. 88, 323 P.2d 27 (1958); Hart v. Kline, supra; Mitrovich v. Pavlovich, 61 Nev. 62, 114 P.2d 1084 (1941).

The judgment of the district court is affirmed.

THOMPSON, C. J., and MOWBRAY and ZENOFF, JJ., concur.

GUNDERSON, J., concurring:

I concur in the result because, when the police officers undertook to arrest appellant for failure to register as an ex-felon, he could have prevented any injury to himself by informing them that his convictions had been expunged. In my view, our decision should be based on that ground, rather than on the rationale that under NRS 41.034 a false arrest was no tort unless performed with gross negligence.