RUTH DANIELS, Appellant, *v.* HUGHES TOOL CO., INC., a Delaware corporation, dba THE SANDS HOTEL, Respondent.

No. 8098

March 12, 1976        546 P.2d 1296

---

[Rehearing denied April 13, 1976]

*Fadgen & Johnson,* Las Vegas, for Appellant.

*Dickerson, Miles & Pico,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant commenced this action after being injured in a fall at the Sands Hotel in Las Vegas. At the close of appellant's evidence, respondent was granted an involuntary dismissal pursuant to NRCP 41(b). Appellant contends this was error. We agree.

NRCP 41(b) provides in pertinent part: "After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has failed to prove a sufficient case for the court or jury."

"On a motion for an involuntary dismissal made by a defendant pursuant to NRCP 41(b), the truth of plaintiff's evidence and all reasonable inferences flowing from it must be accepted by the trial court and all the evidence must be interpreted most strongly in favor of the plaintiff and against the defendant." Bearden v. City of Boulder City, 89 Nev. 106, 108, 507 P.2d 1034, 1035 (1973).

Here, appellant testified that she was attending a fashion show in the Grand Ballroom of the Sands Hotel and that while leaving the room, her shoe heel caught on the edge of a raised portable dance floor. She fell causing the injury that is the subject of this action. On cross-examination, appellant stated that she did not actually see her heel catch the edge of the dance floor, but that her heel caught something at the edge of the carpeting and the raised floor. William Taylor, a part time

employee of the hotel, testified the lighting at the scene of the accident was poor. Taylor further testified that the dance floor was portable and was not in use during the fashion show.

Considering the provisions of NRCP 41(b) and applying the rationale of *Bearden, supra,* we conclude appellant's evidence established a *prima facie* case of liability. Accordingly, we reverse and remand.