Daniel **RODDICK**, a minor By and Through Nancy **RODDICK**, his Guardian ad Litem, Julianne Roddick, her Guardian ad Litem, Nancy Roddick and Robert Roddick, Plaintiffs.

v.

Cynthia **PLANK** and Richard Plank, Defendants.

No. CV–R–83–140–ECR.

United States District Court, D. Nevada.

March 26, 1985.

**230**

Mark L. Webb, San Francisco, Cal., for plaintiffs.

Paul F. Hamilton, Reno, Nev., for Cynthia and Richard Plank.

EDWARD C. REED, Jr., District Judge.

Defendant Richard Plank moves this Court for summary judgment pursuant to Fed.R.Civ.P. 56 on the ground that there is no genuine issue as to any material fact, and for final judgment as to all claims against him pursuant to Fed.R.Civ.P. 54(b) on the ground that there is no just reason for delay.

For the reasons stated below, summary judgment is granted.

Plaintiffs in this action seek to recover from Richard Plank, custodial parent of minor alleged tortfeasor Cynthia Plank, on the theories listed below. The Court finds that there are no genuine issues of material fact and that defendant Richard Plank is entitled to judgment as a matter of law. The Court has considered the evidence in the light most favorable to plaintiffs. Plaintiffs' said theories of recovery are analyzed as follows:

IMPUTED LIABILITY UNDER NRS 41.-470 IS NOT SHOWN.

█ NRS 41.470 provides in pertinent part that "any act of willful misconduct of a minor which results in any injury ... to another person ... is imputed to the parents ... having custody and control of the minor for all purposes of civil damages." Plaintiffs and defendant cite no cases interpreting "willful misconduct" under this statute and we have found none.

The Nevada Supreme Court has not clearly enunciated its interpretation of the term "willful misconduct." In *Rocky Mountain Produce Trucking Co. v. Johnson*, 78 Nev. 44, 51–52, 369 P.2d 198, 201–02 (1962) and *Bearden v. City of Boulder City*, 89 Nev. 106, 110, 507 P.2d 1034 (1973), the court distinguished between negligence, wanton or reckless misconduct and willful misconduct. In both of these cases, the court said that willful misconduct requires the element of intent to do harm. In *Van Cleave v. Keitz-Mill Minit Mart*, 97 Nev. 414.416, 633 P.2d 1220 (1981), the court described willful or wanton misconduct as conduct "that the actor knows, or should know, will very probably cause harm," citing *Rocky Mt. Produce*, 78

Nev. at 51–52, 369 P.2d 198, or as an "act of perversity, depravity or oppression," citing *Bearden*, 89 Nev. at 110, 507 P.2d 1034. Finally, in *Bell v. Alpha Tau Omega*, 98 Nev. 109, 112, 642 P.2d 161 (1982), the Nevada court found that willful misconduct requires a "consciousness that one's conduct will very probably result in injury," citing *cf. Van Cleave.* Under none of the definitions of "willful" contained in these cases can the actions of Cynthia be found to be "willful" so as to impute Cynthia's conduct to her father, under NRS 41.470. No version of the facts in the present case shows that Cynthia Plank intended to harm the plaintiffs. Nor does the evidence provide a basis for a conclusion that Cynthia knew or should have known that her actions would very probably cause harm. There also is no evidence that there was any consciousness on Cynthia's part that her conduct would very probably result in injury.

## LIABILITY UNDER RESPONDENT SUPERIOR OR MASTER–SERVANT IS NOT SHOWN.

 Although Cynthia Plank worked part time in her father's 7–11 store, she was not working at the time of the accident. Nor was she on some special errand or job assignment for the benefit of her employer, even though she had recently left his store. Under the "going and coming rule," an employer ordinarily is not liable for the tortious acts of his employee who is going to or coming from his place of employment. *National Convenience Stores v. Fantauzzi*, 94 Nev. 655, 658, 584 P.2d 689 (1978); *State v. Superior Court, In & For County of Maricopa*, 111 Ariz. 130, 524 P.2d 951 (1974). To come under the "special errand" exception of *Fantauzzi*, Cynthia Plank would have to have "temporarily abandoned [her] personal objective and turned to accomplish a task reasonably within the scope of [her] employment and of benefit to [her] master." 94 Nev. at 659, 584 P.2d 689. The facts of the present case show no such intention. Therefore, the "going and coming rule" precludes liability on the part of father Richard Plank.

## NEGLIGENT ENTRUSTMENT TO OR SUPERVISION OF A MINOR IS NOT SHOWN.

 Negligent entrustment in Nevada "does not extend to one who neither entrusts nor places a vehicle with another (citation omitted) or one who has no right to control the vehicle." *Connell v. Carl's Air Conditioning*, 97 Nev. 436, 440, 634 P.2d 673 (1981). In the present case, it is uncontroverted that the bicycle Cynthia Plank was riding did not belong to Richard Plank nor to anyone within his control. It also is uncontroverted that he did not authorize Cynthia's riding of the bicycle and that he had knowledge that she was doing so. Therefore, negligent entrustment is not shown under these facts.

 Negligent supervision is a theory by which plaintiffs hope to bootstrap lack of negligent entrustment into an actionable tort. Plaintiffs claim that a father who is raising his children alone, operating his business and employing his teenage daughter on a part-time basis is nevertheless guilty of negligent supervision if he does not know his daughter's exact whereabouts at all times during daylight hours in the summer. Plaintiffs cite no authority for this almost impossible standard. The facts in the present case show that Cynthia Plank held a part-time summer job and checked in with her father when she was not working, indicating responsibility. When she worked for him, she did not ride a bicycle because she returned home in a vehicle. There is no evidence that she acted otherwise in irresponsible ways. Therefore, this Court finds that Richard Plank is not liable for negligent supervision of his daughter Cynthia Plank.

Where willfulness is an issue, summary judgment is granted with caution. *Simpson v. United States*, 652 F.2d 831 (9th Cir.1981). However, where plaintiff cannot show by the record facts to support his position, he cannot defeat summary judgment by mere conjecture nor by the hope of proving his allegations at trial. *Howard Hughes Medical Institute v. Gavin*, 96

**232**

Nev. 905, 621 P.2d 489, 491 (1981), interpreting Nev.R.Civ.P. 56(e), identical here to the federal rules.

For the above reasons, Richard Plank is entitled to summary judgment as to all of the claims against him in this action.

IT IS, THEREFORE, HEREBY ORDERED that the motion of Richard Plank for summary judgment as to all claims against him is GRANTED.