## EX PARTE TAYLOR

### No. 2703

September 12, 1925.                                    238 P. 998.

1. LARCENY—INFORMATION HELD INSUFFICIENT TO CHARGE "GRAND LARCENY."

   An information, charging the larceny of two checks in the sum of $100 and $30 in cash, does not properly state the offense of grand larceny, as defined by Rev. Laws, sec. 6638, notwithstanding the provisions of section 6645, not being a sufficient allegation of value.

2. HABEAS CORPUS—PETITIONER WILL BE DISCHARGED ON HABEAS CORPUS, WHERE PETITION SHOWS LACK OF JURISDICTION OF COURT.

   The law is more liberal in sustaining pleadings after judgment, than when they are attacked by demurrer before judgment, but where petition shows lack of jurisdiction in the trial court to render judgment, the petition will be discharged on habeas corpus.

See (1) 36 C. J. sec. 301, p. 826, n. 80 (new) ; sec. 304, p. 827, n. 12 ; 31 C. J. sec. 238, p. 693, n. 16 ; (2) 29 C. J. sec. 34, p. 41, n. 29 ; p. 43, n. 38.

APPLICATION of Ryland G. Taylor for a writ of habeas corpus for Torevio Matillas Arbaya, alias Torevio

Matillas, to be directed to Denver S. Dickerson, Warden of the State Penitentiary. **Petitioner discharged.**

*Ryland G. Taylor,* for Petitioner:

Information fails to allege value of property was over fifty dollars; fails to allege ownership, or that property was not that of defendant, all necessary allegations to charge grand larceny. 17 R. C. L. 59; 22 Cyc. 353.

Indictment must allege necessary facts affirmatively, not by implication. State v. Dooley, 64 Mo. 146.

Kind, quality, number, or value of property must be alleged when they enter into nature of offense. People v. Highbee, 66 Barb. 131.

Indictment must identify offense so as to inform defendant and support plea of jeopardy. Merwin v. People, 12 Am. Rep. 314.

Bank bills or notes should be described as money. Jackson v. State, 29 S. W. 265.

*M. A. Diskin,* Attorney-General, and *Thos. E. Powell,* Deputy Attorney-General, for Respondent:

It is not necessary in charging larceny of checks to allege actual value, but it is necessary only to allege amount that might be collected thereon. Rev. Laws, 6645.

In indictment for larceny of valuable paper it is sufficient to allege larceny of bank notes, valuable securities, etc., without specifying the coin, number, denomination or kind thereof. Rev. Laws, 7068; State v. Bogris, 144 P. 791.

Many technicalities of criminal pleading which exist in other states are abolished by Rev. Laws 7050 and 7059, providing if offense is set out with sufficient clearness to enable person of common understanding to know what is intended, it is sufficient. Defendant understood and entered plea of guilty. He could have withdrawn plea any time before judgment and demurred to complaint. After judgment, law is much more liberal in sustaining pleadings. Judgment is presumed to be correct until reversed and cannot be attacked collaterally. Ex Parte Winston, 9 Nev. 71; Ex Parte Edington, 10 Nev. 217; Knewel v. Egan, U. S. (May 25, 1925).

## OPINION

By the Court, DUCKER, J.:

This is an application for a writ of habeas corpus. It is claimed that petitioner is unlawfully imprisoned, detained, confined, and restrained of his liberty by Denver S. Dickerson, the warden of the Nevada state penitentiary. He shows in his petition that on the 5th day of March the district attorney of Nye County, State of Nevada, filed an information against him in the district court of Nye County; that thereafter and before judgment was pronounced against him he moved the court to arrest judgment in the said cause; but on the 19th day of March, 1925, the said motion was denied, and the petitioner was sentenced to a term of from 2 to 14 years in the state penitentiary.

It is alleged that the judgment and sentence are null and void and beyond the jurisdiction of the court for the reason that the information does not state facts sufficient to support the judgment pronounced, or any judgment at all. A copy of the information is annexed to the petition, the charging part of which is as follows:

"That he, the said Torevio Arbaya, alias Torevio Matillas, on or about the 28th day of February, 1925, and before the filing of this information, did then and there in the town of Tonopah, Nye County, State of Nevada, unlawfully, willfully, knowingly, and feloniously steal, take, and carry away two checks in the sum of one hundred ($100) dollars, and thirty ($30) dollars in cash from one Simon Valenzuelo, in whose possession the said checks and money had been placed and who had the lawful possession and custody of the said money on the said 28th day of February, 1925; that he, the said Torevio Arbaya, alias Torevio Matillas, did take, steal, and carry away the same with the intent then and there to deprive the lawful owner of the possession and use of the said checks and money, and to appropriate the same to his own use and benefit."

1. The reasons stated in the opinion why the information does not support the judgment, are: First, that

it does not state facts sufficient to constitute the offense of grand larceny, in that the value of the property is not alleged to be over $50; and, second, that it does not allege the ownership of the property, or that the property did not belong to the petitioner. We think the information fails to state the offense of grand larceny as claimed by the petitioner. Section 6638 of the Revised Laws provides in part as follows:

"Every person who shall feloniously steal, take, and carry away, lead or drive away, the personal goods or property of another, of the value of $50 or more, shall be deemed guilty of grand larceny. * * * "

By the force of this statute the value of the property as being $50 or more constitutes an essential element of grand larceny. An information which omits an essential element of the offense sought to be charged is fatally defective. It is not alleged in the information shown above that the checks mentioned are of any value, nor is there any language therein from which their value appears as a necessary implication. The information simply states that the defendant "did steal, take, and carry away two checks in the sum of one hundred ($100) dollars." The state's attorneys refer us to section 6645 of the Revised Laws and contend that by force of that statute it is not necessary in charging the larceny of checks to allege the actual value of the checks, but it is only necessary to allege the amount of the checks, the money due thereon, or which in any event or contingency might be collected thereon. Omitting most of the instruments named, the statute reads:

" * * * Checks, * * * shall be considered personal goods, of which larceny may be committed, and the money due thereon, or secured thereby and remaining unsatisfied, or which, in any event or contingency, might be collected thereon, or the value of the property transferred or affected thereby as the case may be, shall be deemed the value of the article stolen." Section 6645, Rev. Laws.

This statute, which is common to a number of states, simply designates certain instruments as the subjects

of larceny and establishes a rule of evidence, whereby the value of the check or other instrument stolen may be determined on the trial of the case. It constitutes no part of the description of the offense of larceny, and does not dispense with the necessity of alleging the value of the property stolen.

It has been held under a similar statute that where an indictment charges the larceny of bank notes in a certain sum secured and payable by and upon the said bank notes, being then and there due and unsatisfied, that such an allegation constitutes its value, and a separate averment of value need not be made. Adams v. Commonwealth, 23 Grat. (64 Va.) 949.

In the information before us, none of the means of proof of value prescribed by the statute are alleged. Merely the amount of the checks is stated. A description of the checks, as being of a certain amount, is not tantamount to an averment of value. Wilson v. State, 1 Port. (Ala.) 118. So far as appears from the information the checks may have been spurious, paid, or had never acquired validity.

2. It is urged that the law is more liberal in sustaining pleadings in criminal cases after judgment than if the pleading has been attacked by demurrer before judgment. This is true, but where, as in this case, the petition shows a want of jurisdiction in the court to render the judgment, the petitioner will be discharged on habeas corpus.

It is so ordered.