WAYNE HARRISON PLUNKETT, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 5397

February 12, 1968                    437 P.2d 92

*Dorsey and Harrington,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Alan R. Johns,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, THOMPSON, C. J.:

This appeal by Wayne Harrison Plunkett is from a conviction of the primary offense of first degree burglary and the judgment and sentence thereafter pronounced adjudicating him to be an habitual criminal. The sufficiency of the evidence to support conviction of the primary offense is not questioned. However, he does assert that the trial court erred when it allowed the prosecutor to cross-examine him about prior felonies, and where he had first met his codefendant Lentz. Furthermore, he claims that the proof of habitual criminality submitted by the state at the post-trial hearing was legally insufficient. None of his claims has merit, and we affirm.

1. On cross-examination the prosecutor asked Plunkett how many times he had been convicted of a felony, and whether any of the convictions was for burglary. The court permitted answers over objection of defense counsel. Our

statutes, NRS 48.020 and 48.130,[1] allow impeachment of a witness by showing his previous conviction for felony. Johnson v. State, 82 Nev. 338, 342, 418 P.2d 495 (1966). However, the appellant suggests that the statutes should be construed to limit inquiry to one prior felony, and to preclude entirely its description by name. Except for Montana (State v. Quinlan, 244 P.2d 1058 (1952); State v. Coloff, 231 P.2d 343 (1951)), case authority does not support him. The California statute,[2] as ours, speaks in the singular. The highest court of that state allows inquiry about the number and names of prior felony convictions. People v. Smith, 409 P.2d 222, 230 (Cal. 1966); People v. Terry, 370 P.2d 985, 1000 (Cal. 1962). Other states agree. State v. Sayward, 404 P.2d 783 (Wash. 1965); State v. Williams, 417 P.2d 62 (N.M. 1966); State v. Owen, 253 P.2d 203 (Idaho 1953). The details and circumstances of the prior crimes are, of course, not appropriate subjects of inquiry. People v. Smith, supra. In line with California, we hold that our statutes do not preclude inquiry into the number and names of the prior felony convictions. It is a matter addressed to the discretion of the trial judge and he may allow or rule out such inquiry according to his view of the demands of fairness in the case before him.

The appellant first met his codefendant Lentz in prison. On cross-examination he was asked where he first met Lentz. The propriety of the question was upheld and he answered. In the context of this case the inquiry was innocuous since the accused had already mentioned six prior felony convictions, four or five of which were for burglary.

2. At the habitual hearing the State offered exemplified copies of two prior felony convictions, one of Wayne H.

[1]NRS 48.020. "No person shall be disqualified as a witness in any action or proceeding * * * by reason of his conviction of felony, but such conviction may be shown for the purpose of affecting his credibility * * *."

NRS 48.130. "A witness shall answer questions legal and pertinent to the matter in issue, though his answer may establish a claim against himself, but he need not give an answer which will have a tendency to subject him to punishment for a felony, nor need give an answer which will have a direct tendency to degrade his character, unless it be to the very fact in issue, or to a fact from which the fact at issue would be presumed. But a witness shall answer as to the fact of his previous conviction for felony."

[2]Cal. Evid. Code § 788 (former C.C.P. 2051) reads: "For the purpose of attacking the credibility of a witness, it may be shown by the examination of the witness or by the record of the judgment that he has been convicted of a felony * * *."

148

Plunkett, and the other of Wayne Plunkett.[3] These exhibits were prima facie proof [NRS 207.010(6)] and, under the rule of Hollander v. State, 82 Nev. 345, 418 P.2d 802 (1966)— proof of identity from name alone—would sustain the adjudication of habitual criminality. In contrast with Hollander, supra, the State here submitted additional proof of identity— certified fingerprint cards and photographs secured from the wardens of penal institutions where Plunkett had been confined. These certified records were admissible. 28 U.S.C.A. § 1739. The fingerprint cards were compared with prints taken when Plunkett was booked on the present charge and expert testimony received that all prints were of the same person. The proof in this case even satisfies the burden placed upon the State by the dissenting opinion in Hollander, supra. We perceive no error.

COLLINS, ZENOFF, BATJER, and MOWBRAY, JJ., concur.

[3]The judicial records were properly authenticated. NRS 49.060; 28 U.S.C.A. § 1738.