BONITA NADINE BOLEY, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 5697

July. 14, 1969                    456 P.2d 447

*Johnson & Sloan,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, and *Dennis E. Evans,* District Attorney, Churchill County, for Respondent.

## OPINION

By the Court, COLLINS, C. J.:

This is an appeal from a conviction of grand larceny. We affirm the conviction.

Appellant and Reianne Melody Boley were charged with taking checks of the face value of $781.00 and currency in the amount of $39.00 from the open safe in the office of Dr. William Mason, Fallon, Nevada, on July 27, 1967.

During the joint trial of both defendants, Reianne changed her plea to guilty and testified as a state's witness. The trial continued against appellant. A jury found her guilty. She appeals the conviction.

During the trial, the state offered in evidence 21 checks totaling in face value $781.00. All bore the stamped endorsement of William L. Mason, M.D. Other proof was offered by the state that the checks were received in payment of accounts receivable and were unpaid on the date stolen.

Also during trial, appellant was cross-examined before the jury as to alleged prior felony convictions. She denied any such convictions. The state, though armed with FBI rap sheets and some additional information regarding her alleged past felony convictions obtained through communications with authorities in another state, was not then in possession of exemplified copies of conviction records.

The court, on motion of the state, granted a continuance to allow the state to obtain exemplified copies of two alleged past felony convictions. When the records were obtained, both convictions were found to be for misdemeanors only.

The district attorney explained that such misinformation as to appellant's past criminal record had occurred through inaccuracy of the "rap sheet" and incorrect information obtained through communication with officials of a sister state. Because considerable discussion of appellant's alleged felony record had occurred before the jury, appellant moved for a mistrial. That motion was denied by the trial judge, who then made the following statement to the jury: "Ladies and Gentlemen of the Jury, during the time that you were absent from the courtroom disclosure has been made to the court and the defendant which in our opinion requires some word of explanation and some instruction to you.

"You will recall that at our last court session last week, before this long recess was taken, questions were asked of the defendant concerning her prior conviction of a felony.

"I must instruct you that counsel have now disclosed to the court circumstances which indicate that those questions were asked in good faith and in reliance upon an official government record which has proven to be erroneous. The record was wrong.

"I feel it proper to instruct you that the defendant in this case, BONITA NADINE BOLEY, has not ever been convicted of a felony and accordingly you are required to disregard and set aside the questions that were asked of her. . . ."

The issues before us in the appeal are these:

I. Was the evidence as to the value of the stolen checks sufficient to support a conviction for grand larceny?

II. Did the questioning of appellant by the prosecution concerning her alleged prior felony convictions constitute reversible error?

1. Grand larceny is the stealing of property of the value of $100.00 or more. NRS 205.220. In this case, since only $39.00 in cash was taken, it was necessary to prove the value of the stolen checks.

NRS 205.260, concerning larceny of negotiable instruments reads as follows: "Bonds, promissory notes, bank notes, bills of exchange, or other bills, orders, drafts, checks, receipts or certificates, or warrants for or concerning money, goods or property, due, or to become due, or to be delivered, or any public security issued by the United States or by this state, and any deed or writing containing a conveyance of land or valuable contract, in force, or any release or defeasance, or any other instrument whatever, shall be considered personal goods, of which larceny may be committed; and the money due thereon, or secured thereby and remaining unsatisfied, or which, in any event or contingency, might be collected thereon, or the value of the property transferred or affected thereby, as the case may be, shall be deemed the value of the article stolen."

That statute (1919 RL Sec. 6645, now NRS 205.260) has been construed but once in Nevada, in Ex parte Taylor, 49 Nev. 110, 238 P. 998 (1925). In a successful habeas corpus attack against the sufficiency of an information allegedly charging a felony under that statute, where grand larceny was charged as stealing "two checks in the sum of one hundred ($100) . . .," the court said, "This statute, which is common to a number of states, simply designates certain instruments as the subjects of larceny and establishes a rule of evidence, whereby the value of the check or other instrument stolen may be determined on the trial of the case. It constitutes no part of the description of the offense of larceny, and does not dispense with the necessity of alleging the value of the property stolen."

We think the proof at trial satisfied the statute and its interpretation in Taylor, supra. In State v. Cassill, 229 P. 716 (Mont. 1924), in construing a similar statute, it was held that introduction into evidence of one note was sufficient proof to make out a prima facie case as to the value of such note. The

court stated, "[N]o one can challenge successfully the right of the Legislature to fix prima facie the value of commercial paper for the purpose of a criminal prosecution, and since our Legislature has prescribed such a standard, the court did not err in submitting it for the jury's consideration and use." Likewise, in People v. Quiel, 157 P.2d 446 (Cal.App. 1945), the court stated that "proof of unpaid bank checks of specified amounts is sufficient evidence of values of the sums 'which in any contingency might be collected thereon.' "

It no doubt would have been better practice to call the maker of the check, the drawee bank, or the payee for corroborating testimony as to money due, or which might be collected upon the checks. But in view of the proof in the record the checks were received in due course of business and were unpaid, there was no error in proof of value.

2. An accused who offers himself as a witness, if previously convicted of a felony, may be examined on that fact. NRS 48.020.

This inquiry may not be made unless there are persuasive grounds for the prosecutor to believe it to be true and the prosecutor is prepared to document it if the witness denies having any prior felony convictions. There can be only one irrefutable documentation of the conviction and that is from the exemplified copy of the judgment. There may be other proof, but reliance thereon may produce the very problem indicated here.

We said in Fairman v. State, 83 Nev. 287, 429 P.2d 63, "It was error for the prosecution to ask the question [about a prior felony conviction] because it was unprepared to prove its existence in the event of Fairman's denial." The identical situation is present here.

In Fairman, we held the error to be harmless because of the court's admonishment to the jury to disregard the question. We are asked to do the same thing here because of a similar admonishment and the trial court's finding that the prosecutor had asked the question in good faith and in reliance upon an official government record which proved to be erroneous.

There is substantial evidence of guilt, and we conclude the error to be harmless. We hold, however, in any criminal case commenced after this date in which a prosecutor in this state

asks such a question and is not prepared to document the conviction, we shall review the point with great care.

The conviction is affirmed.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.