MANUEL REVUELTA, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 6100

March 26, 1970                    467 P.2d 105

*James D. Santini,* Public Defender, *David M. Schreiber,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, *Melvyn T. Harmon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

The appellant was originally charged with the sale of narcotics. After a preliminary examination he was bound over to district court for possession of narcotics, a felony. He was tried before a jury and convicted. This appeal is taken from that conviction.

During the trial the appellant took the witness stand and on cross-examination the prosecutor asked him if he had ever been convicted of a felony. Counsel for the appellant objected to the question. There was an unreported conference at the bench between both attorneys and the presiding judge, after which, the judge required the appellant to answer, but denied the respondent the right to cross-examine any further on the question. The appellant's answer was "no". His counsel then moved for a mistrial. That motion was later withdrawn at the request of the appellant.

Relying on Fairman v. State, 83 Nev. 287, 429 P.2d 63 (1967), and Boley v. State, 85 Nev. 466, 456 P.2d 447 (1969), the appellant claims that the trial court erred when it required him, over his objection, to answer the respondent's question about his status as an ex-felon.

Both Fairman v. State, supra, and Boley v. State, supra, are distinguishable from this case on the facts. In *Fairman,* during his cross-examination, the accused was asked if he had ever been convicted of a felony. When he answered in the negative, the prosecution called the county clerk, who had been present at the previous trial, and she testified to the fact of the jury verdict of guilty. This court held that a verdict of the jury is not a judgment of the court, nor is it a final determination for the purpose of proving that an accused, who has offered himself as a witness, had been previously convicted of

a felony. In *Boley* the accused was asked, on cross-examination, about prior alleged felony convictions. She denied any such convictions. At that time the prosecution did not have available exemplified copies of her conviction record. When the exemplified copies became available they revealed that the accused had not been previously convicted of a felony. This fact was expressly stated to the jury by the district judge.

In both *Fairman* and *Boley* we held that it was error, although harmless, for the prosecution to ask the question about a prior felony conviction if it was unprepared to prove such prior conviction in the event of the accused's denial.

The alleged error in this case relates to a prior trial wherein the appellant, Manuel Revuelta, was charged with the crime of possession of narcotics, a felony, arising from a different transaction than the one here involved. That case was tried before a jury in another department of the Eighth Judicial District Court, and a verdict of guilty was returned on July 29, 1969. On August 1, 1969, the presiding district judge specifically found Revuelta guilty, but continued the time for sentencing until September 19, 1969. On September 15, 1969, the same district judge signed and caused to be filed, in that case, a judgment of conviction against Revuelta, again without passing sentence.

In the instant case, after the trial judge denied the respondent the opportunity to impeach the appellant, the respondent made an offer of proof to show that Revuelta was a convicted felon. The offer was supported by a certified copy of the judgment of conviction filed with the clerk of the Eighth Judicial District Court on September 16, 1969. NRS 49.040. The respondent's offer of proof was rejected by the trial court, because the judge believed that the judgment of conviction entered against Revuelta in the prior case was incomplete because it did not contain a penal sentence. NRS 176.105.[1] We agree.

The source of NRS 176.105 is Rule 32(b), F.R.Crim.P., 18 U.S.C.A. In Sanders v. Johnston, 165 F.2d 736, (9th Cir. 1948), where the written judgment failed to include all matters prescribed by Rule 32(b), F.R.Crim.P., 18 U.S.C.A., that court said: "The enactment of Rule 32(b) had for its purpose the prescribing of a uniform practice for the guidance

---

[1]NRS 176.105: "A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly. The judgment shall be signed by the judge and entered by the clerk."

of trial courts in pronouncing judgment, so that by following its provisions confusion, such as exists in this case, would not result. However, it is the process actually employed which determines the legality of a conviction and not a failure to make written evidence of it in the judgment. In the event of failure to make such written evidence recourse to all the records of the court may be had and where all legal essentials are thereby made to appeal habeas corpus will not lie."

In the case before us the legal essential of a penal sentence is missing and the record expressly reveals that it was purposely excluded from the written judgment of conviction. The failure to include the penal sentence in the written judgment rendered it incomplete at the time it was offered in evidence and the trial court acted correctly in denying the respondent's request to impeach the appellant on the basis of that judgment.

When a defendant takes the witness stand it is permissible to ask him if he has ever been convicted of a felony. NRS 48.130. In the event the witness denies a prior conviction, a certified or exemplied copy of the judgment is proper evidence. Here the state offered a certified copy of a prior judgment of conviction filed in a district court of this state. The trial judge found that judgment incomplete and we have now affirmed his ruling. Therefore, the appellant's denial of his status as an ex-felon was, at that time, correct, and the trial court erred when it overruled the appellant's objection to the respondent's question, and required him to answer.

However, a review of the record indicates that the error was harmless. NRS 177.255.[2] Fairman v. State, supra, and Boley v. State, supra. In this case the evidence establishing the guilt of the appellant is substantial. A police officer as well as other witnesses testified that the appellant, in their presence, possessed and displayed a substance which was proven, at trial, to be an illegal narcotic.

In Boley v. State, supra, we said: "There is substantial evidence of guilt and we conclude the error to be harmless. We hold, however, in any criminal case commenced after this date [July 14, 1969] in which a prosecutor in this state asks such

---

[2]NRS 177.255: "After hearing the appeal, the court shall give judgment without regard to technical error or defect which does not affect the substantial rights of the parties."

a question and is not prepared to document the conviction, we shall review the point with great care."

Here we have reviewed the record with great care and we find that the respondent acted in good faith and did have a certified copy of a judgment of conviction in his possession when he asked the question. The validity or invalidity of the judgment depended upon the interpretation by the trial court and by this court of a newly enacted statute and was not readily discernible.

The judgment of the district court is affirmed.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.