DENNIS ROBERT JACOBS, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 7499

March 13, 1975                    532 P.2d 1034

*Lohse and Lohse,* of Reno, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Dan M. Seaton,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Alice Jean Pablo was murdered by a shotgun blast while she was clerking in a neighborhood grocery store operated by her and her husband. The killing took place in Las Vegas early in the morning of July 23, 1972. No eyewitnesses were present.

Dennis Robert Jacobs was apprehended in West Yellowstone, Montana, and charged with the crime. He was tried and convicted and sentenced to life imprisonment with possibility of parole from which he appeals.

His assignments of error are:

1. The court allowed evidence of the victim's pregnancy, permitted a color photograph of wadding in or near the wound, compelled him to display his bare arm upon which were several tattoos, and failed to suppress certain evidence taken from his car pursuant to a faulty search warrant.

2. The trial court allowed in evidence the accused's written statement that purportedly made reference to another crime.

3. He was compelled to testify of a prior felony conviction and the sentence.

4. A mistrial should have been declared because an F.B.I. agent destroyed the notes he had made in preparation for a statement that was later signed by Jacobs and used in evidence.

158

5. The evidence was insufficient to sustain a conviction.

Jacobs cites no authority for his protest concerning the display of the wadding of the shotgun shell, nor as to failure to suppress evidence of faulty warrant; therefore, we might totally reject consideration of said errors. Franklin v. State, 89 Nev. 382, 513 P.2d 1252 (1973). Further, while the victim's pregnancy was irrelevant and immaterial, NRS 48.-025(2), the colored photograph of the wadding which was taken from Mrs. Pablo's wounds did serve to relate to the shotgun and shells found in Jacobs' possession. Allen v. State, 91 Nev. 78, 530 P.2d 1195 (1975). Jacobs, also, failed to include in the record on appeal the affidavit that supported the search warrant without which we cannot make this determination. It is the appellant's responsibility to provide the materials necessary for this court's review.

1. The baring of Jacobs' arm was not a violation of his right against self-incrimination. McCray v. State, 85 Nev. 597, 460 P.2d 160 (1969); State v. Oschoa, 49 Nev. 194, 242 P. 582 (1926); State v. Ah Chuey, 14 Nev. 79 (1879).

2. In a statement given prior to trial Jacobs said, "I got the gun, .20 gauge—22 over and under Savage from my car and pointed it at him and he ran away." This was in reference to an incident that was unrelated to the crime for which he was on trial. Under NRS 48.045(2) the evidence was properly admitted to relate his possession of a shotgun which was the same kind and type used in the commission of Alice Pablo's murder. Nester v. State, 75 Nev. 41, 334 P.2d 524 (1959); Lindsay v. State, 87 Nev. 1, 478 P.2d 1022 (1971).

3. As to claimed errors 3 and 4, we perceive that the trial court was in error. NRS 50.095 provides that the credibility of a witness may be attacked by evidence that a witness has been convicted of a crime which was punishable by death or imprisonment in excess of one year. The questions asked of Jacobs when he testified were whether he had ever been convicted of a felony and what the sentence was. It was error to allow the question concerning the term that was imposed. Plunkett v. State, 84 Nev. 145, 437 P.2d 92 (1968); People v. Smith, 409 P.2d 222, 230 (Cal. 1966). In the circumstances

of this case the term of punishment is immaterial and irrelevant and served no purpose. Brown v. State, 81 Nev. 397, 404 P.2d 428 (1965).

The notes taken by an F.B.I. agent during his interrogation of Jacobs were self destroyed after Jacobs signed the statement for which they were used. The statement was admitted in evidence but since the notes were not available Jacobs could not cross-examine about them when the statement was introduced. However, the destruction of the notes was not with malicious motive, in fact, followed F.B.I. policy. There is no showing that the statement was in conflict with the truth. Absence of the notes did not prevent the defendant from having a fair trial. Cf. People v. Blair, 15 Cal.Rptr. 533, 538 (Cal.App.2d 1961), cert. denied, 368 U.S. 934 (1961), 369 U.S. 807 (1962).

The evidence of his guilt is overwhelming and we therefore find no reversible effect of the trial court errors. NRS 178.598; Schneble v. Florida, 405 U.S. 427 (1972); Revuelta v. State, 86 Nev. 224, 467 P.2d 105 (1970); Fairman v. State, 83 Nev. 287, 429 P.2d 63 (1967).

Jacobs' conviction followed evidence of his flight across Nevada, Utah and Montana; of his possession of the shotgun and shells that were the same kind or type used to kill Mrs. Pablo; of his fingerprints found at the scene of the killing; and that he had said to a drinking buddy at a bar shortly after the murder that had "blown a woman's head off for $70.00," when the amount ascertained to have been taken in the robbery was approximately $70.00.

Jacobs' final assignment of error directed to the sufficiency of the evidence is without merit as shown by the above evidence of guilt.

Affirmed.

GUNDERSON, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.