CURTIS LEE ENNIS, APPELLANT, v. THE
STATE OF NEVADA, RESPONDENT.

No. 7351

August 26, 1975                    539 P.2d 114

*Morgan D. Harris,* Public Defender, *Michael A. Cherry,* and *Stephen L. Huffaker,* Deputy Public Defenders, Clark County, for Appellant.

*Robert List,* Attorney General; *Roy A. Woofter,* District Attorney, and *Dan M. Seaton,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

Appellant challenges his conviction for second degree murder. On the night of April 6, 1972, Armstead Mitchell Sims, a security guard at the Brown Derby Club in Las Vegas, Nevada, interceded in an argument between appellant and another patron. Sims relieved appellant of a pistol which he was carrying, and ejected him from the club, assuring him of the return of his pistol when he had "cooled off." Approximately a half hour later, having been informed of appellant's return, Sims proceeded to the back door of the club to meet him. A series of shots was heard and officer Sims was found mortally wounded. He died twelve to fourteen hours later.

Appellant was arrested without a warrant during the early morning hours of April 7, 1972. At that time a .22 cal. rifle, which police experts testified was possibly the murder weapon, was seized from appellant's room.

1. Appellant's arrest occurred at 4:00 a.m., in his bedroom in an apartment shared with others. The legality of the arrest is not challenged, but it is contended that the seizure of his rifle by officers who possessed neither an arrest warrant nor a search warrant abridged his freedom from unreasonable searches and seizures under the 4th and 14th Amendments to the United States Constitution.

Appellant concedes, and evidence supports respondent's claim, that the rifle was in plain view in his closet when it was seized. Nevertheless, relying on Coolidge v. New Hampshire, 403 U.S. 443, 468 (1971), he argues that such seizure must be accompanied by exigent circumstances, and because the rifle was seized after he was taken into custody and the closet area photographed, that no exigency attached to the seizure.

In *Coolidge,* the High Court said: "[W]here the initial intrusion that brings the police within plain view of such an article is supported . . . by one of the recognized exceptions to the warrant requirement, the seizure is also legitimate." 403 U.S. at 465. Here the seizure was legitimate because exigent circumstances coincided with the "initial intrusion."

2. Appellant next assigns as error the admission into evidence of the victim's dying declaration, upon the ground that when the hearsay statement was made, the victim had a 60 to 80 percent chance of living, and it was not therefor clearly established that the declarant sensed impending death when he made the statement.

The physician who testified as to the victim's chance of surviving also testified that the victim's wounds were so severe that the ordinary individual having such wounds would think he was dying, and that this particular victim so believed. A sense of impending death may be found where the probable mortal effect of the wounds is not hidden, but rather it may be concluded that such probable effect has revealed itself so that the wounded person strongly believes that death impends. Wilson v. State, 86 Nev. 320, 468 P.2d 346 (1970); State v. Teeter, 65 Nev. 584, 200 P.2d 657 (1948). It is the declarant's apparent or express belief and not the doctor's prognosis which is determinative of this issue. That the declarant was in extremis and eventually died is not in question. The dying declaration was correctly admitted into evidence. See State v. Roberts, 28 Nev. 350, 82 P. 100 (1905).

3.   While testifying that the victim had given him the pistol, taken from appellant before the shooting, a police officer volunteered the additional information that the person to whom the gun was registered "was also an ex-felon and [the gun] subsequently came up stolen." Appellant now asserts error upon the basis that the jury might have drawn the prejudicial inferences from that testimony that appellant was an ex-felon and that he had stolen the gun.

The questioned testimony was unsolicited and the trial court immediately ordered it stricken. The inference suggested by appellant is too nebulous and remote to be prejudicial. Revuelta v. State, 86 Nev. 224, 467 P.2d 105 (1970). Appellant is not entitled to a perfect trial, but only to a fair trial, which he received. Michigan v. Tucker, 417 U.S. 433 (1974); Bean v. State, 86 Nev. 80, 465 P.2d 133 (1970); cert. denied 400 U.S. 844 (1970). Furthermore, the evidence of appellant's guilt was otherwise strong. Layton v. State, 87 Nev. 598, 491 P.2d 45 (1971).

4.   Appellant's remaining assignments of error have been considered and are found to be completely without merit.

Affirmed.

GUNDERSON, C. J., and ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.