An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RAY PINEDA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61382

FILED

JUL 2 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal under NRAP 4(c) from a judgment of conviction, pursuant to a jury verdict, of second-degree murder with the use of a deadly weapon. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

*Sufficiency of the evidence*

Appellant Ray Pineda asserts that the State failed to produce sufficient evidence to support his conviction. We review the evidence in the light most favorable to the prosecution and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Mitchell v. State,* 124 Nev. 807, 816, 192 P.3d 721, 727 (2008) (emphasis and internal quotation marks omitted); *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). Here, the State presented evidence that Pineda, Leonard Anaya, Chargal Woefle, Adrianna Melendez, Jorge Chacon, and Julio Jimenez had gathered at an apartment shared by Pineda, Anaya, and Woefle. Jimenez and Chacon were intoxicated, bragged about being in a gang, and expressed dissatisfaction with Pineda and Anaya's reluctance to "back them up." Later that evening, when Anaya and Woefle left to drive Jimenez, Chacon, and Melendez home,

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21465

Pineda joined them to get something to eat. They stopped in a shopping center parking lot where Pineda and Chacon ended up in a confrontation on the verge of a fight but were separated. Immediately thereafter, Jimenez and Pineda began fighting. Pineda eventually secured Jimenez in a head lock and asked if Jimenez had "had enough," Jimenez signaled that he had, and Pineda let him go. Jimenez's shirt was bloody and part of his intestine was protruding through a stomach wound. Pineda, Woefle, and Anaya left immediately, went to their apartment where they quickly grabbed some belongings, and left the State shortly thereafter. Jimenez died as a result of his injuries, which the medical examiner concluded were caused by a knife. We conclude that a rational trier of fact could reasonably infer from this evidence that Pineda murdered Jimenez, *see* NRS 200.030(2), and that substantial evidence supports the verdict. *See McNair v. State,* 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). Although some evidence may have suggested that Pineda acted in self-defense, it was for the jury to assess the weight and credibility of that evidence. *See Buchanan v. State,* 119 Nev. 201, 217, 69 P.3d 694, 705 (2003).

*Expert witness*

Pineda contends the district court erred in limiting testimony from the defense expert witness to general gang background and not permitting the expert to offer testimony about Pineda's state of mind. He claims that he was therefore forced to testify in his own defense. We discern no abuse of discretion. *See Higgs v. State*, 126 Nev. ___, ___, 222 P.3d 648, 659 (2010) (reviewing admission of expert testimony for abuse of discretion). The district court's ruling that Pineda's expert witness could provide general background but not comment on Pineda's specific state of mind was consistent with this court's holding in *Pineda v. State*, 120 Nev.

204, 213-14, 214 n.30, 88 P.3d 827, 833-34, 834 n.30 (2004), which reversed Pineda's prior conviction and remanded to the district court for the instant trial.

*Jury instructions*

Pineda argues that the district court erred in failing to inform the jury, consistent with our decision in *Runion v. State*, 116 Nev. 1041, 1052, 13 P.3d 52, 59 (2000), that if it found that the State failed to prove that the defendant did not act in self-defense, it must acquit the defendant. He further asserts that Instruction 40 reduces the burden of proof as it requires the jury to consider the lesser-included offenses if it acquits on second-degree murder. We conclude that this contention lacks merit. Although Instruction 17 does not include the final clause of the *Runion* instruction, Instruction 9 instructs the jury that the prosecution has the burden to prove that the killing was not justified, and therefore unlawful, and that if it failed to prove that fact beyond a reasonable doubt, then the jury must acquit Pineda. Further, Instruction 40 does not lessen the burden of proof as any conclusion that the State failed to prove the killing was not justified would result in an acquittal of all lesser-included offenses. *See* NRS 200.040(1) ("Manslaughter is the unlawful killing of a human being, without malice express or implied, and without any mixture of deliberation."). Therefore, Pineda failed to demonstrate plain error. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (reviewing unpreserved error for plain error affecting substantial rights).

*Prosecutorial misconduct*

Pineda raises seven contentions of prosecutorial misconduct. We conclude that these lack merit for the reasons discussed below.

First, Pineda asserts that the State improperly vouched for witnesses by arguing that gang activity did not play a role in the case and that the witnesses present during the crime were the best experts on gang activity in this case. We discern no plain error. *See id.* The State's argument did not vouch for the witness, but merely pointed out that the best witnesses to rely upon for whether the incident placed Pineda in reasonable fear of his life were those at the scene who did not perceive such a threat.

Second, Pineda claims that the State engaged in prosecutorial misconduct by arguing that Pineda did not accurately remember the events of the killing and that his account was an "incredible story." We disagree. The prosecutor's comments, which came in the midst of his comparison of Pineda's direct testimony, cross-examination, and other evidence adduced at trial, were proper arguments based on the evidence at trial. *See Ross v. State*, 106 Nev. 924, 927, 803 P.2d 1104, 1106 (1990) ("A prosecutor may demonstrate to a jury through inferences from the record that a defense witness's testimony is palpably untrue."). Therefore, he has not demonstrated that the comments amounted to plain error affecting his substantial rights. *See Valdez*, 124 Nev. at 1190, 196 P.3d at 477.

Third, Pineda asserts that the State engaged in prosecutorial misconduct by inviting the jury to "step into the process" when the prosecutor argued, "If you took a knife away from a young guy who is no longer a threat and then you stab him multiple times, that doesn't seem like self-defense." We discern no plain error. *See id.* The challenged comments, read in context, pointed out inconsistencies in Pineda's statements to police and his trial testimony. Therefore, it constituted permissible argument and did not improperly invite the jury to consider

anything other than evidence presented at trial. *See Ross*, 106 Nev. at 927, 803 P.2d at 1106.

Fourth, Pineda contends that the State engaged in prosecutorial misconduct by arguing that the bare fear of getting into a fist fight was not enough to justify self-defense and that the jury should not consider the evidence that Pineda had been shot or stabbed as informing his belief that self-defense was necessary. We disagree. Considered in context, the prosecutor's comments responded to arguments made by the defense in its closing argument that Pineda's prior experience led him to fear for his life during the fight. The prosecutor's statements correctly argued that in addition to a subjective fear of impending serious injury or death, the defendant's fear must also be objectively reasonable and that consideration does not hinge upon Pineda's prior experience. *See Runion*, 116 Nev. at 1051, 13 P.3d at 59 (noting that circumstances justifying self-defense "must be sufficient to excite the fears of a reasonable person placed in a similar situation").

Fifth, Pineda asserts that the State inflamed the passions of the jury by equating the victim's life with a priest or doctor. We discern no plain error. Given the brevity of the comment and the evidence produced at trial, we cannot say that the comment affected Pineda's substantial rights. *See Valdez*, 124 Nev. at 1190, 196 P.3d at 477.

Sixth, Pineda contends that the State incorrectly described testimony from Woefle in its closing statement. We disagree. The prosecutor's argument accurately quoted Woefle's testimony. While the prosecutor described the quote differently earlier in his argument, the statement was consistent with Pineda's testimony and was not attributed to Woefle. Therefore, we discern no plain error. *See id.*

Seventh, Pineda argues that the State repeatedly used phrases such as "I submit to you," "I suggest to you," or "I think" in arguing to the jury. He asserts that these phrases have been found, in certain contexts, to suggest that the government knows more about the case than is heard by the jury. We conclude that his claim lacks merit. The challenged statements merely presented inferences from the evidence. *See United States v. Sullivan*, 522 F.3d 967, 982 (9th Cir. 2008) (explaining that no prosecutorial misconduct occurs when reasonable inferences are argued from the evidence). The prosecutor did not suggest greater knowledge of the events than was presented to the jury. *See Morales v. State*, 122 Nev. 966, 973, 143 P.3d 463, 467-68 (2006) (noting argument improper where prosecutor suggests superior knowledge of law). Therefore, Pineda failed to demonstrate that the comments amounted to plain error affecting his substantial rights. *See Valdez*, 124 Nev. at 1190, 196 P.3d at 477.

Eighth, Pineda contends that the prosecutor, in describing its burden to prove the killing was not justified, failed to mention how the lesser-included offenses would be affected by the self-defense theory. We discern no plain error affecting Pineda's substantial rights. *See id.* The State accurately described its burden regarding self-defense and second-degree murder. While it did not mention the lesser-included offenses, those were contained in the jury instructions.

*Absence*

Pineda contends that the district court failed to ensure his presence in court on several occasions. He claims that the district court's failure to ensure he was transferred to the county jail resulted in his absence and hindered his ability to prepare for trial. We conclude that

this argument lacks merit. Pineda did not "have an unlimited right to be present at every proceeding," and he failed to show that he was prejudiced by his absence. *Gallego v. State*, 117 Nev. 348, 367-68, 23 P.3d 227, 240 (2001), *abrogated on other grounds by Nunnery v. State*, 127 Nev. ___, 263 P.3d 235 (2011), *cert. denied*, ___ U.S. ___, 132 S. Ct. 2774 (2012).

*Ineffective assistance of counsel*

Pineda contends that his trial counsel was ineffective for failing to prepare, resulting in several errors. We have consistently declined to consider ineffective-assistance-of-counsel claims on direct appeal unless the district court has held an evidentiary hearing on the matter or an evidentiary hearing would be needless. *Pellegrini v. State*, 117 Nev. 860, 883, 34 P.3d 519, 534-35 (2001). As neither exception applies here, we decline to address this claim.

*Admission of knife*

Pineda asserts that the district court erred in permitting the use of a knife during cross-examination that was not shown to be the murder weapon. We discern no plain error. *See Valdez*, 124 Nev. at 1190, 196 P.3d at 477. The knife to which Pineda testified was similar to the one he used during his fight with the victim and was relevant to demonstrate the manner in which the victim died. *See* NRS 48.015 ("'[R]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."); *see also Masters v. Dewey*, 709 P.2d 149, 152 (Idaho Ct. App. 1985) (providing that demonstrative evidence is used for illustration and clarification). Further, the testimony clearly stated that the knife displayed was not the knife used during the killing.

*Bail*

Pineda contends that he was improperly denied bail as the department of corrections did not honor the district court's bail order and transfer him to the county jail for his retrial. He asserts that he could have better prepared for trial had he been granted bail. We conclude that this argument lacks merit. Several months prior to trial, the district court set bail at $25,000. Three days before trial, Pineda indicated that the department of corrections did not honor the district court's bail order. However, he did not demonstrate that he had the ability to or had attempted to pay bail. Therefore, he failed to demonstrate that, had he been transferred to the jail, he would have been released on bail prior to trial and thus altered the manner in which his defense was prepared. *See State v. Teeter*, 65 Nev. 584, 609, 200 P.2d 657, 670 (1948) (requiring reversal where it was shown that denial of bail restricted opportunity to prepare for trial), *overruled on other grounds by In re Wheeler*, 81 Nev. 495, 499, 406 P.2d 713, 716 (1965).

*Deadly weapon enhancement*

Pineda argues that this court should reconsider *State v. Eighth Judicial Dist. Court (Pullin)*, 124 Nev. 564, 188 P.3d 1079 (2008), and apply the ameliorative amendments to NRS 193.165 to his sentence. In *Pullin*, we recognized that "the proper penalty is the penalty in effect at the time of the commission of the offense and not the penalty in effect at the time of sentencing." *Id.* at 567, 188 P.3d at 1081. We decline Pineda's invitation to reconsider this decision.

*Cumulative error*

Pineda contends that cumulative error warrants reversal of his conviction. Based on the foregoing discussion, we conclude that any

error in this case when considered either individually or cumulatively, does not warrant relief. *See Hernandez v. State*, 118 Nev. 513, 535, 50 P.3d 1100, 1115 (2002); *Ennis v. State*, 91 Nev. 530, 533, 539 P.2d 114, 115 (1975) (defendant "is not entitled to a perfect trial, but only to a fair trial").

Having considered Pineda's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Jerome Polaha, District Judge
       Karla K. Butko
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk