# IN THE SUPREME COURT OF THE STATE OF NEVADA

PRESTON EMERSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70606

**FILED**

JAN 18 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon and three counts of attempted murder with the use of a deadly weapon.[1] Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

On appeal, appellant Preston Emerson argues that his convictions must be reversed based on several trial errors: (1) the district court committed reversible error when it refused to give requested jury instructions regarding voluntary manslaughter, (2) the district court committed reversible error when it admitted evidence related to the firearms found during the course of the investigation but not used in the commission of the crime, and (3) the State engaged in prosecutorial

---

[1]Additionally, the jury found Emerson guilty of two counts of battery with a deadly weapon resulting in substantial bodily harm and one count of battery with a deadly weapon. However, at the State's request, the district court considered these to be lesser-included offenses and did not adjudicate these counts.

SUPREME COURT
OF
NEVADA

(O) 1947A

18-02569

misconduct and the district court abused its discretion in denying Emerson's motion for a mistrial based on that misconduct. He also argues that cumulative error requires reversal.

*Jury instructions*

"The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). A district court has abused its discretion if its "decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *Id.* (internal quotation marks omitted). "This court has consistently held that the defense has the right to have the jury instructed on its theory of the case as disclosed by the evidence, no matter how weak or incredible that evidence may be." *Id.* at 751, 121 P.3d at 586 (internal quotation marks omitted).

At trial, Emerson offered a proposed jury instruction that specifically instructed the jury on the State's burden of proof regarding voluntary manslaughter. The State objected to the proposed instruction, arguing that it was misleading and that the State's burden of proof was already covered by other instructions. The district court agreed and sustained the State's objection. Emerson argues that the district court's decision constituted error under *Crawford*. We agree.

In *Crawford*, like in this case, the defendant was convicted of first-degree murder with the use of a deadly weapon. 121 Nev. at 747, 121 P.3d at 584. Crawford appealed, arguing, among other things, that the district court committed reversible error by not giving a proposed jury instruction on his voluntary manslaughter defense, which was nearly identical to the one Emerson offered in this case. *Id.* at 750, 121 P.3d at

586. The district court refused to give the proposed instruction because "it was substantially covered by the other instructions." *Id.*

Although the State in *Crawford* also argued that the proposed instruction was duplicative of other instructions, this court determined that the district court erred because the jury "was not specifically or expressly instructed that the State had the burden to prove beyond a reasonable doubt that Crawford did not act in the heat of passion and upon the provocation required by law." *Id.* at 751, 121 P.3d at 586. This court further stated that "[e]ven though this principle of law could be inferred from the general instructions, this court has held that the district court may not refuse a proposed instruction on the ground that the legal principle it provides may be inferred from other instructions." *Id.* at 754, 121 P.3d at 588. For the same reasons we articulated in *Crawford*, we conclude that the district court here erred in not giving Emerson's proposed instruction regarding voluntary manslaughter.

Regardless, reversal is not warranted if "we are convinced beyond a reasonable doubt that the jury's verdict was not attributable to the error and that the error was harmless under the facts and circumstances of this case." *Id.* at 756, 121 P.3d at 590. Firstly, we look at whether instructions were given that "correctly—albeit very generally—advised the jury that to find a willful, deliberate, premeditated murder, the jury must also necessarily find . . . malice aforethought, *i.e.*, without what the law considers adequate provocation." *Id.* (internal quotation marks omitted). Secondly, we will uphold the jury's verdict if "the evidence presented in this case overwhelmingly established the absence of the legal provocation necessary [for] voluntary manslaughter." *Id.* The requisite legal provocation for voluntary manslaughter "consists of a serious and

highly provoking injury sufficient to excite an irresistible passion in a reasonable person or an attempt by the victim to inflict a serious personal injury on the defendant." *Id.* at 756-57, 121 P.3d at 590.

Here, the jury was given an instruction that specifically stated "[m]alice aforethought means the intentional doing of a wrongful act without legal cause or excuse or what the law considers adequate provocation." Moreover, nothing in the record before us reveals that Emerson was seriously provoked or threatened at any time during the events that led up to the shooting. As such, we hold that Emerson has failed to show the requisite legal provocation necessary to establish voluntary manslaughter. Based on the facts of this case, "no reasonable jury could have found that the State failed to prove beyond a reasonable doubt that [Emerson] did not act in the heat of passion caused by the requisite legal provocation." *Id.* at 757, 121 P.3d at 590. Accordingly, we conclude that any error in failing to adequately instruct the jury on the State's burden of proof with regard to voluntary manslaughter was harmless.

*Firearm evidence*

Emerson does not indicate what firearm evidence he is challenging on appeal. Based on the log of the State's exhibits at trial, it appears that the firearm evidence consisted of guns, ammunition, gun accessories, and photos of the same. According to the log, and as noted by the State, the vast majority of the firearm evidence was admitted by stipulation and all was admitted without objection.

"This court has recognized that [valid] [s]tipulations are of an inestimable value in the administration of justice, and valid stipulations are controlling and conclusive and both trial and appellate courts are bound to enforce them." *Lehrer McGovern Bovis, Inc. v. Bullock Insulation, Inc.*, 124 Nev. 1102, 1118, 197 P.3d 1032, 1042 (2008) (second alteration in original)

(internal quotation marks omitted). Because Emerson does not challenge the validity of (or even acknowledge) the stipulations, and does not identify exactly what firearms evidence he is challenging, we decline to consider whether the firearm evidence was admissible at trial. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

*Prosecutorial misconduct*

Emerson argues that the district court's refusal to grant a mistrial based on prosecutorial misconduct denied him of his right to a fair trial. This court reviews a district court's decision to deny a mistrial for abuse of discretion. *Rose v. State*, 123 Nev. 194, 206-07, 163 P.3d 408, 417 (2007). "When considering claims of prosecutorial misconduct, this court engages in a two-step analysis. First, we must determine whether the prosecutor's conduct was improper. Second, if the conduct was improper, we must determine whether the improper conduct warrants reversal." *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008) (footnotes omitted).

During the State's rebuttal closing argument, the prosecutor commented on Emerson's post-arrest silence. The prosecutor's comment was a reference to Emerson's reluctance to speak to police officers during the pendency of the investigation.

"It is well settled that the prosecution is forbidden at trial to comment upon an accused's election to remain silent following his arrest and after he has been advised of his rights as required by *Miranda v. Arizona.*" *Morris v. State*, 112 Nev. 260, 263, 913 P.2d 1264, 1267 (1996) (internal quotation marks omitted). "This court expanded this doctrine by concluding that a prosecutor also cannot use post-arrest, pre-*Miranda*

 

silence to impeach a defendant." *Id.* Furthermore, we have held that a prosecutor's use of a defendant's post-arrest, pre-*Miranda* silence is improper regardless of when the reference is made during the proceedings. *Id.* at 263-64, 913 P.2d at 1267. Accordingly, we hold that the prosecutor's reference to Emerson's post-arrest silence in this case was improper.

The question then becomes whether the prosecutor's conduct constituted harmless error.

> This court has stated that reversal will not be required if the prosecutor's references to the defendant's post-arrest silence are harmless beyond a reasonable doubt. Comments on the defendant's post-arrest silence will be harmless beyond a reasonable doubt if (1) at trial there was only a mere passing reference, without more, to an accused's post-arrest silence, or (2) there is overwhelming evidence of guilt.

*Id.* at 264, 913 P.2d at 1267-68 (citations omitted).

Here, the prosecutor's comment on Emerson's post-arrest silence was made in the context of rebutting Emerson's argument regarding a witness's credibility, rather than implying that Emerson was hiding something from police. In addition, the prosecutor's comment during rebuttal closing argument is the only instance Emerson cites to as an improper allusion to his post-arrest silence, despite 14 days' worth of argument and testimony. Finally, Emerson objected to the passing reference at the time it was made, and the district court sustained the objection and directed the prosecutor to move on. The district court then instructed the jury that the arguments of counsel were not evidence and that it was to disregard any evidence to which an objection was sustained. Because we deem the prosecutor's comment "a mere passing reference" to Emerson's post-arrest silence, we hold that any error was harmless and the

district court acted within its discretion when it denied Emerson's motion for a mistrial. *Id.*

*Cumulative error*

This court considers the following factors in evaluating a claim of cumulative error: "(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged." *Mulder v. State*, 116 Nev. 1, 17, 992 P.2d 845, 854-55 (2000). Furthermore, this court has noted that a defendant is "not entitled to a perfect trial, but only to a fair trial." *Ennis v. State*, 91 Nev. 530, 533, 539 P.2d 114, 115 (1975). Emerson has failed to show that the cumulative effect of the errors deprived him of a fair trial.

Emerson was convicted of first-degree murder and three counts of attempted murder which are indeed grave crimes. However, the issue of guilt was not close as the State established Emerson's guilt with overwhelming evidence. Further, the quantity and character of the errors were minimal, since the two errors were harmless and likely did not affect the jury's verdict. Accordingly, we conclude that Emerson's cumulative error challenge is unavailing.

Having considered Emerson's contentions, we have concluded they do not warrant reversal, and we therefore

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Carolyn Ellsworth, District Judge
Special Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk